334 So.2d 119 (1976)
Alicia Perez ECKERT and Arthur R. Eckert, Her Husband, Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY and Gizella S. Szuri, Appellees.
No. 75-606.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Rehearing Denied July 6, 1976.
*120 Kuvin, Klingensmith & Lewis, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Jr., Miami, for appellees.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL, (Ret.) Associate Judge.
CHARLES CARROLL, Associate Judge.
Gizella S. Szuri and Alicia Perez Eckert were injured in an accident involving two automobiles. One, owned by Deszo Szuri, was being driven by his wife Gizella. The other, owned by Arthur R. Eckert, was being driven by his wife Alicia.
Gizella was protected by liability indemnity insurance, including uninsured motorists coverage, under a policy issued by Government Employees Insurance Company (Geico). The automobile owned by Eckert was uninsured. The claim of Gizella and her husband on the uninsured motorists coverage was settled by Geico which paid $9,000.00. Geico obtained a written receipt therefor and release from Gizella and her husband, with a provision therein whereby the latter agreed to hold in trust for the benefit of Geico their cause or causes of action against others arising from the accident, with further provision that the expenses and costs incident to any such action would be paid by Geico, and that the amount recovered thereon would be paid to Geico up to $9,000.00 with any excess thereof to be paid to or retained by Gizella and her husband.
Thereafter a compaint was filed against Alicia Perez Eckert by "Government Employees Ins. Co., as Subrogee of Deszo Szuri and Gizella S. Szuri". Therein Geico alleged the occurrence of the accident, which it charged was caused by negligence of the defendant; alleged its payment of $9,000.00, as above mentioned, and attached a copy of the above described release and agreement.
The defendant Alicia Perez Eckert answered, denying her negligence and averring the accident was the result of negligence on the part of Gizella. The answer included a counterclaim by Alicia for damages for her personal injuries, and sought *121 derivative damages for Arthur R. Eckert for medical expenses, loss of consortium and property damage. Geico was made a defendant to the Eckert counterclaim. Separate answers to the counterclaim were filed by Geico and Gizella Szuri. In each there was a contention of want of jurisdiction of the cause of action asserted under the Eckert counterclaim, for inability to meet the requirements therefor under the Florida Automobile Reparations Reform Act. Gizella's answer to the counterclaim of the Eckerts, contained a counterclaim, later amended, against Alicia and her husband, whereby, upon alleging the accident was caused by the negligence of Alicia, Gizella sought to recover for her personal injuries and the medical expenses incident thereto. Gizella's husband was not a party to Gizella's counterclaim as amended. Issue was joined thereon.
On trial of the cause before a jury a verdict was rendered finding the accident was caused by negligence of both drivers, and apportioning their negligence at 30% for Gizella and 70% for Alicia. Applying those percentages the verdict awarded $14,700.00 to Gizella, $1,050.00 to Alicia, and $100.00 to Alicia's husband Arthur Eckert. Acting thereon the court, upon applying a set off, granted judgment in favor of Gizella against Alicia Eckert and Arthur Eckert for the net sum of $13,550.00. Geico was eliminated from the action by a directed verdict against it.
The Eckerts appealed. Geico and Gizella filed cross assignments of error.
Granting judgment for the net amount upon setting off the opposing verdict awards was not error. Stuyvesant Insurance Company v. Bournazian, Fla., March 10, 1976. The ruling of the trial court with reference to certain medical testimony was not reversible error. The evidence appellants contended was hearsay was cumulative to testimony given by a doctor witness. The error, if any was not harmful error such as to require reversal.
Appellants Eckert argued error was committed by inclusion of Gizella's medical expenses in the damage award to Gizella, contending the obligation therefor was that of her husband. It appears that the marriage of Gizella and her husband was dissolved sometime during the litigation. He did not take part in the case. In her counterclaim Gizella sought recovery of such expenses. Bills for the medical expenses were introduced into evidence, and there was testimony of a doctor as to their reasonableness. When such items were filed in evidence there was no objection. Opposing counsel affirmatively consented to their introduction, stating only that the reasonableness thereof was not agreed to. In the brief of the appellants Eckert, the statement of that point as argument was not accompanied by the designation of any assignment or assignments of error relied on in support thereof. See Rule 3.7f(4) F.A.R. The assignments of error which were filed did not include an assignment covering this point. The only assignment with reference to medical expenses was one in which it was contended the court erred in permitting the medical bills concerning Gizella to be admitted into evidence, and, as shown above, the admission of the medical bills into evidence by Gizella was consented to at trial. In the court's charges such medical expenses were submitted as an element of damage on Gizella's counterclaim for consideration by the jury, and the record shows no objection thereto. For those reasons the contention of error as to such medical expenses is without merit in this case.
The appellants Eckert contend the award to Gizella was improper, on the theory that the action was initially brought by Geico as subrogee, that there was only one cause of action, and that Gizella was attempting to assert a separate and second cause of action which did not exist. That contention has no merit. Geico could maintain the action under the common law doctrine of subrogation, for its own benefit to the extent of its interest and for use *122 and benefit of Gizella for any excess. In joining therein seeking recovery, Gizella was asserting the same cause of action. According to her written agreement Gizella could maintain the action for use and benefit of the subrogee to the extent of its interest and for her own benefit for any excess, subject to a provision that the costs and expenses of recovery would be borne by Geico.
By cross assignment of plaintiffs it is contended the awards in favor of the Eckerts should be reversed on the ground that the claim of Alicia Eckert did not meet the threshold requirements for prosecution of the action. However, there was evidence from which the jury could and did conclude that the claim was actionable, and the issue was explained and submitted to the jury by the trial court.
By cross assignment Geico contends denial of recovery by it, through directing a verdict against it was error, and that the judgment should have been entered in favor of Geico and Gizella. We find merit in that contention. The trial court granted a directed verdict against Geico because the Geico insurance policy was not offered in evidence.
Without the introduction of the policy into evidence, there was ample evidence that Geico, as insurer, had paid the uninsured motorists benefits to Gizella. Both Geico and Gizella, in their pleadings, proceeded on that basis. Geico's right of subrogation, to enforce Gizella's claim against the tort-feasor did not arise by virtue of any term or provision in its policy, but was created by and was the result of the payment Geico had made to Gizella. The release and agreement signed by Gizella admitted receipt of the $9,000.00 from Geico, sufficiently confirming such payment as having been made under an insurance policy, and Gizella therein recognized Geico as a subrogee. Under those circumstances, it was error to direct a verdict against Geico. See Firestone Stores, Inc. v. Wynn, 131 Fla. 94, 179 So. 175.
In this action brought by Geico as subrogee, in which Gizella joined, to deny reimbursement to Geico from the amount recovered would be to allow a double recovery by Gizella. The judgment should have been entered in favor of Geico and Gizella.
We note that the First District Court of Appeal has held that in such a case where the recovery is more than sufficient to reimburse the insurer-subrogee for the amount paid by it under the uninsured motorists coverage, the subrogee is not entitled to full reimbursement (less expenses of recovery) but is restricted to recovery of a portion thereof to be determined upon the basis of equitable distribution.[1] We are shown no statutory provision limiting recovery by the subrogee to a portion of its outlay on the basis of equitable distribution in such circumstance. We recognize that a statute which had provided for full recovery by the insurer in such an instance (§ 627.0851(4) Fla. Stat., F.S.A.) is no longer in effect and was not applicable in this case. However, it would appear that the insurer may so recover under the common law doctrine of subrogation,[2] and we so hold. We regard our ruling on this question to be a decision on a matter of great public interest, on the basis of which we are separately so certifying it to the Supreme Court of Florida, for review upon certiorari.
For the reasons stated, the judgment is affirmed in part and reversed in part, as *123 and in the respects set out hereinabove. The judgment rendered in favor of Gizella on the merits should have also been in favor of Geico, and the judgment is so amended. The cause is remanded with direction to the trial court to allocate the amount recovered in the action by Geico and Gizella, by awarding $9,000.00 to Geico (out of which the expenses of recovery shall be paid) and the excess ($4,550.00) to Gizella.
It is so ordered.
NOTES
[1] Central National Insurance Group v. Hotte, Fla.App. 1975, 312 So.2d 235; State Farm Mutual Ins. Co. v. Gordon, Fla.App. 1975, 319 So.2d 36.
[2] International Sales-Rentals Leasing Co. v. Nearhoof, Fla. 1972, 263 So.2d 569; De Cespedes v. Prudence Mutual Casualty Co. of Chicago, Ill., Fla.App. 1967, 193 So.2d 224 (aff'd on cert., Fla., 202 So.2d 561).

The absence of a separate statute for such recovery by an insurer will not operate to deny to it the right to sue and recover under the common law doctrine of subrogation.