## GELARO, etc. v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Case No. 85-14293-CA

Fourth Judicial Circuit, Duval County

June 5, 1986

APPEARANCES OF COUNSEL

**Chalmbers H. Barnes, Barnes, Barnes & Cohen, P.A.,** for plaintiff.
**Harris B. Brown, Mathews, Osborne, McNatt, et al.,** for defendant.

## OPINION OF THE COURT

A.J. SOUD, JR., Circuit Judge.

This cause came on for hearing on Defendant's Motion For Judgment On The Pleadings.

Arguments of counsel were heard. The pleadings and the issues raised therein together with applicable case law in opposition to and in support of the Motion have been duly considered.

### ESSENTIAL FACTS

On April 12, 1985, THOMAS GELARO, a minor, was a passenger in a 1984 Chevrolet Monte Carlo automobile owned and driven by his mother, BONNIE GELARO. She had liability insurance coverage on this automobile, but the policy specifically excluded that coverage for bodily injury resulting to members of her household. Without dispute, the accident was the sole cause of the mother's negligence. She was the tortfeasor.

At the same time, BONNIE GELARO owned another motor vehicle, a 1977 Ford pickup truck, on which she had uninsured motorists insurance coverage through STATE FARM on the date of the accident. THOMAS GELARO, by and through his mother, BONNIE GELARO, has filed a Complaint For Declaratory Judgment against STATE FARM seeking to be adjudicated a recipient to uninsured motorists benefits by virtue of his mother's second motor vehicle.

### CONCLUSIONS OF LAW

I. The motor vehicle in which THOMAS GELARO was a passenger was an uninsured vehicle as to him.

II. STATE FARM is not liable to THOMAS GELARO for uninsured motorists benefits because of conclusive defenses which are available to it as a matter of law.

### OPINION

I. As applied to THOMAS GELARO, his mother's automobile was an uninsured motor vehicle. "The fact that an owner or operator of a motor vehicle has a liability insurance policy does not always mean that the vehicle is insured in the context of Section 627.727(1). A

20

vehicle is insured in this context only when the [liability] insurance in question is available to the injured plaintiff." Liability insurance benefits were not available to THOMAS GELARO because of a contractual bar within the policy prohibiting him, as a member of her household, from recovering them. *Allstate Insurance Company v. Boynton*, 11 FLW 97 (Fla., March 13, 1986).

II. The second and more perplexing issue regards THOMAS GELARO'S entitlement to benefits derived from his mother's uninsured motorist coverage on her second motor vehicle which STATE FARM insured. His entitlement for such benefits must be denied.

He claims uninsured motorists benefits because he cannot recover liability benefits.

The parental immunity doctrine in Florida prohibits one family member from suing another family member for damages. The public policies underlying this doctrine are (1) the preservation of domestic harmony and tranquility, and (2) avoiding depletion of family assets. Parental immunity, however, has been limitedly waived. *Ard v. Ard*, 414 So.2d 66 (Fla. 1982). In that case, recovery of liability benefits was allowed a family member not exceeding the other member's policy limits. But THOMAS GELARO is barred from that legal avenue.

But then consider the subrogation rights of the uninsured motorists insurer to recover from the actual tortfeasor what it has paid in uninsured motorists benefits to the injured victim. *Eckert v. Government Employees Insurance Company*, 334 So.2d 119 (Fla. 3d DCA 1976).

This question was also considered in *Boynton, supra*, where the Supreme Court stated that an insurer's right to subrogation was defeated where, in seeking reimbursement of the uninsured motorists benefits from the actual tortfeasor, the tortfeasor could raise any defense that could be raised had suit been allowed by the victim against the tortfeasor. In that case, the victim was an employee injured on the job by the negligent operation of an automobile by a fellow employee. The injured employee was barred from suing the employer, as principal, because of the exclusivity of remedy provided under the Florida Workers Compensation Law; and, therefore, sought recovery from his own insurer under the uninsured motorists provision of his own policy. The Court stated that a remedy was provided for his injuries by worker's compensation and allowing such a suit would permit exposure of the employer to the uninsured motorists insurer for reimbursement of damages for personal injuries by way of subrogation that was otherwise barred by direct suit by its employee. The Court went on to

**21**

say that in such a suit, the employer could raise as a defense its statutory immunity from suit by the employee and that defense would deny the uninsured motorists insurer's rights to subrogation. Thereupon, the Court denied uninsured motorists benefits to the injured employee.

As applied to the instant case, a legal dilemma evolves. THOMAS GELARO cannot sue his mother for liability benefits because of the contractual bar in her liability policy prohibiting household members. Without that contract exclusion, he could sue and recover, but not exceeding her policy limits. As a qualified uninsured motorist (passenger), he should be able to ask STATE FARM for uninsured motorists benefits. Yet STATE FARM'S right to reimbursement of the benefits by the actual tortfeasor—THOMAS GELARO'S mother—would be defeated because of her available defense that she is immune from personal liability by common law parental immunity.

In this scenario, one of the three legal doctrines must abdicate: (1) permit THOMAS GELARO'S recovery of uninsured motorists benefits from STATE FARM but deny STATE FARM'S right to subrogation from the actual tortfeasor; (2) permit THOMAS GELARO'S recovery of uninsured motorists benefits from STATE FARM but deny his mother's right to raise the defense of parental immunity when STATE FARM seeks subrogation against her; or, (3) deny the right of recovery of uninsured motorists benefits by THOMAS GELARO, an injured non-fault victim.

The latter opinion has more validity than the others because to permit his recovery but deny STATE FARM'S right to subrogation against the tortfeasor would merge into the same household the fault and the benefits. However, *Ard, supra,* seems to allow such a recovery.

One plausible contrary conclusion is to permit recovery of uninsured motorists benefits and preclude STATE FARM'S reimbursement from the tortfeasor inasmuch as STATE FARM, except for the contractual exclusion regarding the liability coverage, could be liable to him up to policy limits.

Upon consideration of the foregoing, it is, thereupon,

ORDERED AND ADJUDGED:

That Final Judgment on the pleadings be and is hereby granted and entered and Plaintiff, BONNIE GELARO, as next friend and guardian of THOMAS J. GELARO, a minor, shall recover nothing from the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

22

DONE AND ORDERED, in Chambers, at Jacksonville, Duval County, Florida, this 5th day of June, 1986.

Affirmed by First District Court—mandate March 4, 1987.