ON MOTION FOR REHEARING
This appeal is brought from a judgment entered on a jury verdict finding the defendant not liable for injuries suffered by an eleven-year-old who was injured when an elevator door collapsed.
We disagree with the plaintiff that he was entitled to have the jury instructed on res ipsa loquitor where the physical evidence, consisting of the elevator’s nylon bottom guides and the door, had been discarded by the defendant when the *63 door was repaired.[1] A plaintiff may not avail himself of the res ipsa doctrine where there is competent evidence that the accident was caused by his own negligence. Valens v. Otis Elevator Co., 482 So.2d 479 (Fla. 3d DCA 1986). There was evidence, in the form of statements given by the young plaintiff to rescue workers, that the door gave way when he kicked it. One of the plaintiff’s own experts corroborated the rescue worker’s testimony, after studying the accident, that the door had been forcibly kicked or bumped.
Other hearsay evidence of the plaintiff’s actions, although erroneously admitted, was cumulative and for that reason was harmless. Foster’s Auto Crushing v. Wood, 427 So.2d 1009 (Fla. 1st DCA 1982); Eckert v. Government Employees Ins. Co., 334 So.2d 119 (Fla. 3d DCA 1976).
Affirmed.

. There was no allegation of an inability to proceed because of the destruction of evidence. See Miller v. Allstate Ins. Co., 562 So.2d 759 (Fla. 3d DCA 1990), and cases collected.