**Patricia NELSON and Nicholas Nelson, Individually and as next friend of Michael Nelson and Barry Nelson, minors, Plaintiffs,**

**v.**

**ALLSTATE INSURANCE COMPANY, a corporation of the State of Illinois, Defendant.**

Superior Court of Delaware, New Castle.

Nov. 17, 1972.

Bernard Balick, of Aerenson & Balick, Wilmington, for plaintiffs.

Raymond L. Becker, of Becker & Kipp, Wilmington, for defendant.

OPINION

McNEILLY, Judge.

Plaintiffs filed suit against Allstate Insurance Company under the Uninsured Motorists Provision of Plaintiffs' policy with Allstate. Allstate Insurance Company filed a motion to dismiss on the grounds that the Court lacks jurisdiction over the subject matter by reason of the provision for arbitration in the contract of insurance between the parties, which defendant claims excludes this Court from exercising jurisdiction over the action.

The provisions of the insurance contract relied upon states as follows:

"SECTION II–PROTECTION AGAINST BODILY INJURY BY UNINSURED AUTOMOBILES

COVERAGE S–BODILY INJURY BENEFIT INSURANCE

Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile.

DETERMINATION OF LEGAL LIABILITY AND AMOUNT OF DAMAGES

The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator (s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator (s) pursuant to this Section II."

Under the common law rule in the eighteenth and nineteenth centuries in this country and in England the law was to the effect that an agreement to arbitrate future disputes would not deprive the Courts of jurisdiction. This rule was stated in Delaware in the case of Randel, Jr. v. Ches. & Del. Canal Co., 1 Har. 233 (1833).

Beginning with the case of Electrical Research Products v. Vitaphone Corporation (Del.Supr.1934), 171 A. 738, the law of Delaware began to change, and it appears therein that the public policy of Delaware was no longer opposed to settlement of controversies by resort to arbitration. The modern trend has been for Courts to view arbitration agreements favorably as a means for settling disputes.

In the case of Fagnani v. Integrity Finance Corporation (Sup.Ct.Del.1960) 3 Storey 193, 167 A.2d 67, Judge Albert J. Stiftel enunciated this change of policy when he stated " . . . settlement of a controversy by arbitration is favored by the courts . . . "

 There is a split of authority in this country on this question of whether arbitration agreements should be binding on contracting parties, and this Court is of the opinion that the better rule is to enforce agreements to arbitrate where the terms are clear and specific. The arbitration agreement in the instant case relates specifically to the Uninsured Motorists Provisions in the policy and clearly refers to disputes concerning whether or not the insured is legally entitled to recover damages and, if so, the amount of damages to be recovered. Where the scope of arbitration is so narrowly drawn and the terms thereof so clearly laid out the contract agreed to by the parties should be enforced. Plaintiffs in this case have in no way demonstrated in what manner the arbitration would work a fraud upon them or

deprive them of substantial justice on their claim for damages. In the absence of such a showing there is no sufficient reason to refuse an enforcement of their voluntary agreement.

In the case of Miller v. Allstate Insurance Co. (D.C.Pa.1965), 238 F.Supp. 565, which involved an identical arbitration provision the Court held that the arbitration agreement had to be enforced to prevent a circumvention of the clear language set out in the contract. The Court in that case stated as follows:

"Counsel for plaintiffs has indicated that plaintiffs do not wish to arbitrate this matter and have not availed themselves of the policy provision in that respect, and that those provisions cannot be enforced as plaintiffs have made no written demand upon the insured to arbitrate. It is noticed from the quotation above that in the event of a disagreement and upon written demand of the insured, the matter or matters upon which the parties do not agree shall be settled by arbitration, et cetera. Defendant stands ready to arbitrate according to its counsel .and that is its position taken in the motion.

The lawsuit is perforce an indication of a disagreement between the parties. The complaint filed in the case is sufficient demand. To permit a lawsuit rather than arbitration under the circumstances is to affirm a frivolous sidestepping of the plain terms of the policy. It seems to the Court that the arbitration provisions of the policy are precise and complete. The rules of the American Arbitration Association are well known and are standard throughout the United States. Judgment in plaintiffs favor may be entered in any court having jurisdiction after arbitration is concluded, and the defendant has agreed to consider itself bound by the award made by the arbitrator."

For the foregoing reasons, it is the opinion of this Court that defendant's motion to dismiss should be granted, or, in the alternative, that a stay of the proceedings in this case be ordered until disposition of the arbitration proceedings. An Order will be signed upon presentment and after consultation with counsel.