312 So.2d 235 (1975)
CENTRAL NATIONAL INSURANCE GROUP, Appellant,
v.
Lindy A. HOTTE, Appellee.
No. V-83.
District Court of Appeal of Florida, First District.
May 9, 1975.
*236 A. Craig Cameron of Gosney, Haas, Cameron & Parsons, Daytona Beach, for appellant.
Wesley A. Fink of Fink, Loucks, Foxman & Woerner, Daytona Beach, for appellee.
McCORD, Judge.
This is an appeal from a final order directing appellee to pay to appellant $1,400 as equitable distribution of $10,000 benefits previously paid to appellee by appellant under the uninsured motorist provisions of an insurance policy issued by appellant to appellee. The order was entered on the motion of appellee for such equitable distribution. Appellant had previously filed a notice of lien for the $10,000 in the civil action brought by appellee against the uninsured motorist in which action a settlement had been made between the parties thereto of $22,500.
Appellee received injuries in an automobile collision with an uninsured motorist on March 2, 1970. At that time, appellee had an automobile liability insurance policy issued by appellant which contained uninsured motorist protection benefits to a maximum of $10,000. On the date of the accident, § 627.0851(4), Florida Statutes, 1969, was in effect and it provided as follows:
"In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payments shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
Appellant contends that under the above statute it is entitled to reimbursement of the full amount of the $10,000 paid by it to appellee and not merely the $1,400 which the court ordered paid to it.
Although the above statute was in full force and effect at the time of the accident on March 2, 1970, appellant deferred until January 25, 1972, its payment of the $10,000 uninsured motorist benefits. Appellant had been notified by appellee on June 16, 1970, that the other parties to the accident had no insurance. The above quoted statute was substantially amended by Chapter 70-20, Laws of Florida, 1970, and the amended statute deleted all reference to the insurer being entitled to reimbursement of any payment made by it under the uninsured vehicle coverage. The effective date of that amendment was October 1, 1970. Thus, at the time appellant made the $10,000 payment to appellee, the statute did not provide that the insurer would be entitled to the proceeds of any settlement or judgment to the extent of its uninsured motorist payment. Therefore, appellant cannot rely upon a statutory right to reimbursement.
Upon payment of the $10,000 by appellant to appellee, appellant obtained from appellee a trust agreement. Under the terms of the trust agreement, appellee was described as the trustee and appellant as the beneficiary and it was agreed as follows:
"... that the trustee will hold for the benefit of the beneficiary all rights, claims and causes of action which the trustee has or may have against any person *237 or persons, organization, association or corporation other than the beneficiary because of bodily injury, sickness, or disease or death which is the subject of the claim made against the beneficiary.
The trustee agrees to take, through any representative designated by the beneficiary, such action as may be necessary or appropriate to recover the damages suffered by the trustee from any person or persons, organization, association or corporation other than the beneficiary who may be legally liable therefor, such action to be taken in the name of the trustee, the beneficiary to pay all cost and expense in connection therewith. It is further agreed that any monies recovered by the trustee as the result of judgment, settlement, or otherwise will be held in trust and paid to the beneficiary, provided, however, any sum recovered in excess of the total amount paid by the beneficiary to the trustee under the terms of the above-mentioned policy, shall be retained by the trustee for his own use and benefit."
We are unable to determine that there was any consideration for the trust agreement. Appellant paid appellee only the amount that it was obligated by statute to pay.
Appellee contends that reimbursement to appellant should be governed by the general principles of subrogation and quotes the following from 46 C.J.S. Insurance § 1209(b), page 155, as the proper method for reimbursement:
"If insured obtains satisfaction from the wrongdoer and has previously received payment of the loss from the company, he must account therefor to the company, the general rule being that the company may recover from insured only the excess, which insured has received from the wrongdoer causing the loss, remaining after insured is fully compensated for his loss and the cost and expenses of the recovery thereof."
We agree and since it appears from the trial court's order here on appeal that it used the method outlined in the above quotation in arriving at the $1,400, it directed as reimbursement to appellant by appellee, we find no error.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.