327 So.2d 88 (1976)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Jack S. GRAFF and Angela Newcome Stokeley, Appellees.
No. X-257.
District Court of Appeal of Florida, First District.
January 29, 1976.
Rehearing Denied March 10, 1976.
*89 Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
James F. McKenzie, of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
SMITH, Judge.
This litigation concerns the entitlement of appellant Government Employees Insurance Company (GEICO) to reimbursement of up to $10,000 in uninsured vehicle benefits paid by GEICO to its insured, appellee Stokeley. After receiving the uninsured vehicle benefits from GEICO in exchange for an executed release and trust agreement, appellee Stokeley, through the services of her lawyer, appellee Graff, negotiated and received a $25,000 settlement of her claim against the United States under the Federal Tort Claims Act based on a government employee's negligent driving of an uninsured vehicle. When Stokeley and Graff declined to reimburse GEICO more than $8,000 from the settlement proceeds, GEICO filed this action for the entire $10,000. The Circuit Court held that GEICO is entitled to reimbursement of the $10,000 it paid in uninsured vehicle benefits, less $2,000 payable to lawyer Graff for his services in negotiating the settlement with the United States. GEICO asserts on appeal that it is entitled to full reimbursement of $10,000 and appellees by cross-assignments complain that the trial court ought not to have required any reimbursement to GEICO.
Stokeley was injured in a collision with an uninsured car driven by a soldier traveling on military orders within the scope of his employment by the United States. GEICO sought to delay paying Stokeley the uninsured vehicle benefits provided by her policy in the hope that she would first seek recovery from the United States. But lawyer Graff, acting for Stokeley, instead filed an action against GEICO for the policy benefits. GEICO then paid $10,000 to Stokeley and the trial court awarded her $1,500 as a fee for the services of lawyer Graff in collecting the uninsured vehicle benefits. Sec. 627.428, F.S. 1973. Compare Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502 (Fla.App. 1st, 1974).
Before, during and after the brief litigation in which GEICO paid Stokeley the policy limits of uninsured vehicle benefits and was required to pay a reasonable attorney's fee as a penalty for not having remitted more promptly, GEICO's lawyer wrote a series of letters to lawyer Graff stating that GEICO would promptly assert a claim for Stokeley and GEICO against the United States and would provide its own attorneys to protect its interests. GEICO's lawyer inquired, in order to avoid duplication of effort, what steps lawyer *90 Graff had taken or planned to take against the United States to effect a recovery for Stokeley. Graff's response to these communications was that he would protect GEICO's interest as well as Stokeley's, that he felt Stokeley's claim was worth between $20,000 and $30,000 and that he intended to proceed promptly against the United States. Lawyer Graff did not respond to GEICO's inquiry about the progress of the case but notified GEICO's lawyer when the $25,000 settlement was reached. At that point he offered to reimburse GEICO $8,000, planning to reimburse his client, at the expense of GEICO, $2,000 of the fee which he charged his client for his representation in the government claim. When GEICO declined that offer and instituted action to recover the full $10,000, appellees Stokeley and Graff resisted payment of the sum they theretofore had offered, on the ground that the uninsured vehicle benefits paid by GEICO were not reimbursable to GEICO except to the extent that the sum of the recovery from United States and the uninsured vehicle benefits received from GEICO exceeded the amount necessary to fully compensate Stokeley for her injuries, which according to lawyer Graff's testimony were sufficiently severe to justify compensation of more than $35,000.
GEICO's entitlement to reimbursement of the uninsured vehicle benefits paid Stokeley is governed by § 627.727(1), F.S. 1973, which requires GEICO to provide such coverage in Stokeley's policy "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury... ." The benefits thus provided are designed to insure the recipient against uncompensated loss attributable to the financial irresponsibility of the party at fault:
"The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured ... from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident."
In White v. Reserve Ins. Co., 299 So.2d 661 (Fla.App. 1st, 1974), cert. den., 308 So.2d 113 (Fla. 1975), this Court held that personal injury protection benefits paid by an insurer to its insured under the Florida Automobile Reparations Reform Act are reimbursable under § 627.736, F.S. 1973, only "to the extent that the injured person has recovered said benefits", that the compensation recovered from the party at fault is to be equitably distributed between the insurer and the injured insured, and that such equitable distribution must be influenced in part by "the extent, if any, to which plaintiff failed to obtain full recovery for his entire damages." White, 299 So.2d at 665, 666.
Appellees Stokeley and Graff, citing White, argue that the same reasoning applies here. Their argument, however, overlooks the significant difference between the two types of benefits: personal injury protection benefits are payable under § 627.736 in amounts determinable irrespective of fault in order to compensate the recipient for losses formerly assessable only against the party at fault; on the other hand, disability benefits payable under § 627.727 are not insurance against all loss due to personal injury by an automobile but are insurance for only so much of the loss as is incompensable because of the financial irresponsibility of the party at fault. To apply the rule of White in this alien context would grant a windfall to every injured claimant who compromises with his solvent adversary because of debatable liability or other factors which are unrelated to the existence of insurance or other resources sufficient to pay the just amount of the claim. Moreover, that rule applied here would anomalously discriminate against him whose ill fortune it is to be hit by an insured vehicle: his compensation from the tortfeasor pursuant to *91 judgment or settlement, though neither more nor less adequate than Stokeley's for comparable injuries, would not be similarly augmented by unreimbursable uninsured vehicle benefits. It is inconceivable that, to favor those in Stokeley's position, the legislature intended not only to fill but to overflow the insurance vacuum created by the tortfeasor's failure to insure himself against liability. See note, 52 U.Va.L.Rev. 538, 555 (1966).
In this case, there is no suggestion in lawyer Graff's testimony or in the arguments submitted by appellees Stokeley and Graff that the United States could not pay more than $25,000 in settlement or that the amount of the settlement was otherwise detrimentally affected by the unavailability to the United States of sufficient financial resources to evaluate and pay Stokeley's claim as though full liability insurance had covered the offending automobile. The uninsured vehicle benefits paid by GEICO to Stokeley, therefore, duplicate to the extent of $10,000 the compensation "available to [Stokeley] ... from the owner or operator of the uninsured motor vehicle" and from the United States, which was vicariously liable [§ 627.727(1), F.S. 1973], and that sum is reimbursable to GEICO without "equitable distribution" of the character appropriate when personal injury protection benefits or medical expense benefits are involved, as in White and State Farm Mut. Ins. Co. v. Gordon, 319 So.2d 36 (Fla.App. 1st, 1975).
Our decision in Central Nat'l Ins. Group v. Hotte, 312 So.2d 235 (Fla.App. 1st, 1975), affirmed a judgment which partially reimbursed an insurer the uninsured vehicle benefits paid to an insured who subsequently settled his claim against the uninsured tortfeasors. In the absence of an applicable statute such as § 627.727(1), F.S. 1973, which was not effective when Central National paid Hotte, the court applied "general principles of subrogation" which were said, in the language of Corpus Juris Secundum, to require reimbursement to the insurer of "only the excess, which insured has received from the wrongdoer causing the loss, remaining after insured is fully compensated for his loss and the cost and expenses of the recovery thereof." 312 So.2d at 237 (emphasis added).
We consider that a party injured by an uninsured vehicle has received full compensation for his loss, within the meaning and application of the general principles referred to in Hotte, when he has received full payment of a judgment or of an agreed settlement which was unaffected by concern for the defendant's lack of insurance. The "general principles of subrogation" referred to in Hotte do not permit an injured party to collect uninsured vehicle benefits from his own insurer, negotiate an acceptable settlement with a tortfeasor whose noninsurance resources are equivalent to full liability protection, and then tender only partial reimbursement on the ground that, considering the severity of the injuries but not other factors which typically weigh in the evaluation of claims, the claim against the tortfeasor was more valuable than all sums received. To so hold in spite of the provisions of § 627.727(1), which govern this case but not Hotte, would transform uninsured vehicle coverage into a kind of supplemental insurance for all loss by bodily injury. The true purpose of this coverage is to enable recovery, within statutory limits, of compensation which would have been available if the tortfeasor had been insured. Hodges v. National Union Indem. Co., 249 So.2d 679, 681 (Fla. 1971); Salas v. Liberty Mut. Fire Ins. Co., 272 So.2d 1, 3 (Fla. 1973).
After correctly ruling that GEICO is entitled to be reimbursed the amount of uninsured vehicle benefits paid Stokeley, the trial court was also correct in deducting from the sum otherwise reimbursable the amount of a reasonable fee for the services of lawyer Graff in negotiating and collecting the government payment which made reimbursement of GEICO possible. *92 Forsyth v. Southern Bell Tel. & Tel. Co., 162 So.2d 916 (Fla.App. 1st, 1964); Central Nat'l Ins. Co. Group v. Hotte, supra. The practicalities of settlement negotiations teach us that GEICO's lawyer could not readily have shared equally with lawyer Graff the burden of negotiation with the government. Although the efforts of GEICO's lawyer to participate in the presentation of Stokeley's claim against the United States may have been as full as the circumstances permitted, his efforts in behalf of GEICO were not equivalent to direct intervention in and joint presentation of the insured's action against the tortfeasor. Compare Morgan v. Central Ins. Co. of America, 181 So.2d 175 (Fla.App. 1st, 1966). GEICO is therefore not excused from paying a reasonable fee on account of the services of Stokeley's lawyer.
The trial court assessed costs in favor of appellees Stokeley and Graff and against GEICO notwithstanding that judgment was entered for GEICO in the amount of $8,000 on the principal matter in controversy. The assessment of costs against GEICO instead of in favor of GEICO was error. Sec. 57.041(1), F.S. 1973, makes costs attend the judgment even if, as here, the judgment is for the amount offered by the judgment defendant before trial.
The trial court declined to assess against GEICO an additional attorney's fee for the services of appellees' lawyers in the trial court. That ruling was in accordance with our decision in Forsyth v. Southern Bell Tel. & Tel. Co., 162 So.2d at 921-22, holding that such litigation as this is not "under a policy or contract" of insurance within the meaning and application of § 627.428(1), F.S. 1973  GEICO having long ago paid the benefits due under the policy  but is rather "in the nature of an action in rem against the fund of money." For the same reason, we deny the motion by appellees Stokeley and Graff for the allowance of a fee for the services of their attorneys on this appeal. Contrast Unigard Ins. Co. v. Davis, 299 So.2d 667, 668 (Fla. App. 1st, 1974), in which a fee was awarded for legal services in defending an appeal the "primary thrust" of which was to contest liability for the policy benefits.
The judgment assessing costs against GEICO is reversed and the case is remanded for assessment of the trial costs in favor of GEICO. The judgment is otherwise affirmed, with appellate costs to be borne by the parties incurring them.
BOYER, C.J., and MILLS, J., concur.

ON PETITION FOR REHEARING
SMITH, Judge.
Appellees urge reconsideration of our holding that the trial court correctly declined to award appellee Stokeley a fee for the services of her lawyers in the trial court. Appellees argue that such an award was made in Catches v. Government Employees Ins. Co., 318 So.2d 552 (Fla.App. 1st, 1975), in circumstances not significantly different from those in this case.
We believe that the circumstances here are materially different from those in Catches where, by demanding complete reimbursement of PIP benefits previously paid, the insurer in effect contested its liability for the payment of any such benefits and "denied a material obligation of coverage to its insured." 318 So.2d at 553. In this case, by contrast, GEICO's demand for total reimbursement was in effect a denial of its liability to pay a fee for the services of Stokeley's lawyer who obtained a settlement fund for the benefit of both parties from the United States. The trial court held, and we agreed, that GEICO is liable to pay a fee for legal services that thus benefited it, but the basis of GEICO's liability is equity. See Forsyth v. Southern Bell Tel. & Tel. Co., 162 So.2d 916, 919 (Fla.App. 1st, 1964). Neither the policy nor § 627.428, F.S., requires GEICO to reimburse appellee Stokeley for the services *93 of her lawyer in litigating with GEICO a contest not arising under the policy.
The prayer of the petition for rehearing is denied.
BOYER, C.J., and MILLS, J., concur.