DOWNEY, Judge.
Mr. and Mrs. Shelly sued their insurance carrier, Government Employees Insurance Company (hereafter referred to as GEICO), claiming they were injured by an uninsured motorist. During the course of that litigation the Shellys and GEICO reached a settlement wherein GEICO paid each of the Shellys $10,000. As part of the settlement the parties entered into an agreement[1] which shows clearly the parties were com *125 promising and settling disputed issues as to the amount and type of coverage available under the circumstances of the case. Thereafter, the Shellys sued the tortfeasor and in due course settled that case with the tortfeasor and the tortfeasor’s insurance carrier for the policy limits of $20,000, each of the Shellys receiving $10,000. (At the time of the settlement with GEICO, there was a question as to whether the tortfeasor was insured.)
Since GEICO had filed a lien in the suit between the Shellys and the tortfeasor, the Shellys petitioned the court for an equitable distribution of the proceeds received from the tortfeasor. At the hearing on the petition Mrs. Shelly agreed that GEICO was entitled to an equitable distribution as to her, since her recovery from both GEICO and the tortfeasor exceeded her damages. Mrs. Shelly suggested that an equitable distribution to GEICO from Mrs. Shelly was $6250, less attorneys fees. But Mr. Shelly, relying upon Government Employees Insurance Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976), and Central National Insurance Group v. Hotte, 312 So.2d 235 (Fla. 1st DCA 1975), contended that GEICO was entitled to nothing as regards his recovery from the tortfeasor because his damages far exceeded his recovery from GEICO and the tort-feasor. In support of their contentions the Shellys adduced the unrebutted testimony of one of their counsel that the value of Mr. Shelly’s case was at least $50,000 and Mrs. Shelly’s was approximately $13,750. Needless to say, or there would have been no issue, GEICO demanded a return of its entire payment of $10,000 to each of the Shel-lys under the terms of its policy and the agreement of the parties executed as part of the settlement of the prior litigation.
The trial court entered an order that (a) denied GEICO any distribution from Mr. Shelly’s $10,000, and (b) allowed GEICO the full $10,000 from Mrs. Shelly. GEICO has appealed from that order, contending that the $10,000 award was too small. The Shel-lys have cross-appealed, contending that (a) the $10,000 award was too large, and (b) the court should have awarded their lawyers a fee for creating a fund that benefited GEI-CO.
While the factual circumstances surrounding GEICO’s payment to the Shellys under their uninsured motorist coverage is most unusual, we feel that a compromise of disputed issues was reached by the parties and their rights and responsibilities thereafter must be determined as though this were truly an uninsured motorist situation with an eventual recovery against the tort-feasor, similar to the factual circumstances in Government Employees Insurance Co. v. Graff, supra. Therefore, the trial court was correct in holding that GEICO was not entitled to any distribution of Mr. Shelly’s recovery from the tortfeasor, because his damages exceeded his total recovery from the tortfeasor and GEICO.
However, the trial court erred in awarding Mrs. Shelly’s full $10,000 recovery against the tortfeasor to GEICO. The latter was equitably entitled only to a return of that sum by which Mrs. Shelly’s recovery from both GEICO and the tortfeasor exceeded her damages. Based upon the only evidence before the court that sum was $6,250. But Shelly’s lawyers marshalled that fund and made it available for GEICO as a result of their prosecution of the Shellys’ claim against the tortfeasor; so those lawyers were entitled to an attorneys’ fee.[2] Kittel v. Kittel, 210 So.2d 1 (Fla.1968); *126 Government Employees Insurance Co. v. Graff, supra, at 91; 8 Fla.Jur., Costs, § 37. The parties stipulated that if an attorneys’ fee was earned it should be one-third of GEOCO’s recovery, or $2083.
Accordingly, the judgment appealed from is affirmed in part and reversed in part and remanded with directions that the court reduce the amount it awarded GEICO from $10,000 to $4,167 ($6,250 less $2,083, attorneys’ fee).
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
CROSS, J„ and SCHWARTZ, ALAN R., Associate Judge, concur.

. “IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties hereto in behalf of the parties that:
“1. The issues raised between the parties in this cause of action have been fully compromised and settled. Pursuant to this agreement the Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, shall pay to the Plaintiff, RAYMOND B. SHELLY, JR., the sum of $10,000 and shall pay to the Plaintiff, JEAN LOUISE SHELLY, the sum of $10,000. These payments are made in full discharge of all benefits which may be recoverable under Part IV of the contract of insurance, a copy of which is Exhibit A to Plaintiffs Complaint. The benefits arise because of an automobile accident which occurred on November 23, ,1972, in which the Plaintiffs were involved with an automobile owned by Willie James and operated by James Hall, Jr. The settlement is made in view of doubt as to (a) ultimate determination of issues arising from the Court’s Order of October 1, 1973, which denied Defendant’s Motion for Leave to Amend its Answer to allege liability insurance coverage on the driver of the adverse vehicle, JAMES HALL, JR., (b) the ultimate determination of issues relating to the limit of uninsured motorist coverage available to the Plaintiffs, and (c) the issues relating to the extent of injury to the Plaintiffs.
“2. The benefits which have been paid or may be in the future due the Plaintiffs under the personal injury protection amendatory en *125 dorsement of the contract of insurance between the parties are not affected by this settlement agreement and shall not reduce the amounts payable to the Plaintiffs under Paragraph 1 of this stipulation.
“3. Such rights of subrogation as may exist under any portion of the contract of insurance between the parties and particularly those contained in Part IV of the contract of insurance are preserved to the parties in accordance with the terms of the contract of insurance as it may be interpreted by the law of Florida.
“4. The Court shall enter an order approving this settlement stipulation and dismissing with prejudice this cause of action, the parties to bear their own costs.” (Signatures and date line omitted.)

. The legal basis for this fee is not to be confused with statutory attorneys fees allowable under Section 627.428, Florida Statutes (1975).