357 So.2d 768 (1978)
AMERICAN FIRE AND CASUALTY COMPANY, Appellant,
v.
Monica BOYD, Individually and Monica Boyd, As Next Friend of Christal Knaper, Appellees.
No. II-51.
District Court of Appeal of Florida, First District.
April 21, 1978.
*769 Robert D. Bell of Fisher & Bell, Pensacola, for appellant.
James F. McKenzie of Myrick & McKenzie, Pensacola, for appellees.
BOYER, Judge.
The issue to be resolved on this interlocutory appeal, as phrased by appellant, is: "Whether the trial court erred in determining that the vehicle being operated by James Hansen was an uninsured motorist vehicle and in entering its order of partial summary judgment for the plaintiffs on the issue of coverage."
Appellee, plaintiff in the trial court, filed a complaint alleging that she and Christal Knaper were members of the household of Henry W. Carlson, who was insured by appellant, American Fire and Casualty Company, and that Boyd and Knaper were, while traveling in the Carlson vehicle in 1972, injured in an automobile accident caused by the negligence of an uninsured motorist, James Hansen; seeking coverage under the uninsured motorist provision of Carlson's policy. Hansen had, at the time of the accident, a liability insurance policy with GEICO, which policy contained an exclusionary clause excluding coverage while Hansen was traveling on orders of a branch of the military service. At the time of the accident Hansen was traveling under orders of a branch of the military.
Appellant contends that notwithstanding the exclusionary clause in the GEICO policy Hansen's vehicle nevertheless did not qualify under the statute as an uninsured vehicle because his employer, the United States Government, was liable for his negligence under the Federal Tort Claims Act.
The sole issue is whether the Hansen vehicle was "an uninsured vehicle" within the meaning of that term as used in F.S. 627.727. We hold that it was, and therefore affirm. Although Hansen had procured a policy of insurance, that policy afforded no coverage because of the exclusionary clause; and the mere fact that Hansen was in such a position as to cause to be invoked by his negligence the provisions of the Federal Tort Claims Act does not mean that he is thereby "insured" within the meaning of the statute.
Appellant has represented to the court that appellee has received from the United States a monetary settlement of appellee's claim against the United States on account of Hansen's negligence while driving the uninsured vehicle. That representation is not supported by the record presented to this court nor by evidence presented to the trial court. The partial summary judgment on liability was therefore without error as any benefits appellee *770 may have received from the United States may be taken into account in fixing the amount of appellant's liability. (Government Employees Ins. Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976).)
AFFIRMED.
McCORD, C.J., and SMITH, J., concur.