BOYER, Judge.
This is an appeal and cross-appeal from a final order for equitable distribution.
T. A. (Doc) Bowdoin had an insurance policy from Lititz Mutual Insurance Company which covered a building and the contents of that building. Part of the building and contents were destroyed when a truck crashed through the wall of the building. Bowdoin retained an attorney and filed a negligence action against the driver of the truck and his employer. Subsequently, Lit-itz paid Bowdoin insurance benefits totall-ing $14,186.61. The suit between Bowdoin and the tortfeasor was settled for $45,-000.00. After the settlement, Lititz de *175 manded repayment of 100% of the insurance benefits paid to Bowdoin. Lititz refused to share any of the expenses of attorney’s fees, costs, and other expenses and refused to negotiate for any lesser amount.
Bowdoin then filed a petition for equitable distribution alleging that he had expended great sums of money for attorney’s fees and expenses in investigating and prosecuting the claim; invested large amounts of time; and put up or stood good for court costs, investigation costs, and other expenses. In addition, Bowdoin alleged that he had failed to obtain the full recovery for his entire damages. Attached to the petition for equitable distribution were a copy of the insurance policy and a copy of the pleadings filed in the original negligence action.
Lititz answered that the insurance policy between Lititz and Bowdoin clearly contained a subrogation clause which supported the claim for 100% reimbursement. Lititz alleged that the money paid to Bow-doin was a loan which contained the provision that all legal proceedings were to be under the exclusive direction and control of the company. Prior to the settlement between Bowdoin and the tortfeasor, the attorney for Bowdoin wrote to an attorney for Lititz for permission to enter into a settlement. Lititz replied that it would consent to a settlement with the understanding that it would be reimbursed 100% of its total payment. The loan receipts and the letters exchanged by the attorneys were attached to the answer.
A hearing was held on the petition for equitable distribution and memoranda of law were filed with the court. Evidence was introduced concerning the total loss by Bowdoin, the amount of settlement and the basis for the settlement, and the costs expended by Bowdoin in preparing the case. Lititz pointed out that some of the information used in arriving at the settlement was adduced by the claims adjuster employed by Lititz and represented considerable work and time. After considering all of the information, the trial court ruled that Lititz’s equitable share of the recovery against the tortfeasors was $8,686.00. The court specifically directed that Lititz should pay 30% of the actual taxable court costs incurred by Bowdoin, but denied Bowdoin’s claim for attorney’s fees incident to the action for equitable distribution. Both parties appealed to this court for review of the order for equitable distribution.
The facts of this case are analogous in several respects to those in Central National Insurance Group v. Hotte, 312 So.2d 236 (Fla. 1st DCA 1975). First, in Hotte there was a trust for which there was no consideration; here there were loan receipts which were without consideration since the insurer paid only the amount it was obligated to pay. Second, the insurer wanted to require or allow the insured to bear the legal costs and still reimburse the insurer 100% of its payment. Third, there was no statutory right involved and the court applied “the general principles of subrogation.” We are of the view that sub judice the general principles of subrogation were applicable.
Lititz contends that it should not be required to share in the costs of litigation, arguing that the facts of this case are distinguishable from those in Forsyth v. Southern Bell Telephone & Telegraph Co., 162 So.2d 916 (Fla. 1st DCA 1964). We agree that there are factual differences, but we hold that the principle is the same. Thus, the requirement by the trial court that Lititz share the expenses of the litigation was proper.
The task of the trial court in determining the exact amount to be awarded in a suit for equitable distribution is difficult. As this court stated in State Farm Mutual Automobile Insurance Company v. Gordon, 319 So.2d 36, 40 (Fla. 1st DCA 1975), “[N]o criterion has been developed for the application of exact mathematical calculations to equitable distribution situations.” The requirement is that the distribution “should have foundation in logic and reason and should be based upon evidence . ”. The explanation by the trial court in this case was based on logic and reason and there was evidence to support his findings. We affirm on that point.
We do, however, find one error in the trial court’s order: The denial of attor *176 ney’s fees for Bowdoin. While it is generally true that an insured is not entitled to attorney’s fees when the suit does not arise out of the insurance contract, (Forsyth v. Southern Bell Telephone & Telegraph Co., supra, and Government Employees Insurance Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976)) the opposite is true where there is evidence that the insurer refused to negotiate in good faith. (Catches v. Government Employees Insurance Co., 318 So.2d 552 (Fla. 1st DCA 1975)) Here, there is evidence that the insurer refused to negotiate in good faith and demanded 100% reimbursement for money paid under the policy, forcing Bowdoin to go to court to seek equitable distribution. Under these facts, the case is controlled by Catches, supra, where we held that such action by an insurer constitutes a denial of a material obligation of coverage entitling the successful plaintiff to an attorney’s fee award. Accordingly, we reverse the denial of appel-lee’s trial court attorney’s fee and remand for a determination of the amount by the court below.
The order appealed is affirmed in all other aspects. Appellee is awarded attorney’s fees for this appeal, the amount to be determined by the trial court.
AFFIRMED IN PART, REVERSED IN PART.
McCORD, C. J., and MILLS, J., concur.