OTT, Judge.
We find no error in the revocation of appellant’s probation.
Since the appellant had previously been adjudged insolvent the trial court erred in assessing costs against appellant. § 939.15, Fla.Stat. (1977); Cox v. State, 334 So.2d 568 (Fla.1976). The assessment of costs is therefore set aside.
The appellant does not raise any question here or in the trial court as to the validity of the sentence for fifteen years imprisonment. We note, however, that the sentence may be excessive. The charge against him, to which he pled guilty, was burglary of a building owned by Shop & Go, Inc. There is no allegation in the information that this building was a dwelling, that there was a human being in it at the time of the burglary, that appellant made an assault upon any person, or that he was armed or armed himself within the structure. Absent one or more of these elements, burglary is a third degree felony, § 810.02, Fla.Stat. (1975), for which the maximum sentence is five years. § 775.082(3)(d), Fla.Stat. (1975). Unless the information can be deemed amended by the factual basis established at appellant’s plea hearing (a transcript of which was not included in the record on appeal), appellant’s sentence should be reduced to five years. See Shanklin v. State, 369 So.2d 620, (Fla. 2d DCA 1979). Since appellant may raise this point, if valid, by an appropriate Fla.R.Crim.P. 3.850 motion and the trial court may correct an illegal sentence at any time, we do not herewith express any opinion thereon. The judgment of conviction and sentence are therefore affirmed.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.