370 So.2d 1201 (1979)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Celia JENKINS, Appellee.
No. LL-75.
District Court of Appeal of Florida, First District.
May 4, 1979.
Rehearing Denied June 6, 1979.
*1202 Martin S. Page of Darby, Peele, Page & Bowdoin, Lake City, for appellant.
Frank M. Gafford, Lake City, for appellee.
MILLS, Acting Chief Judge.
The issue before us is whether an uninsured motorist carrier is entitled to a set-off of any monies received by its insured from an uninsured/underinsured tortfeasor when the damages sustained by the insured are greater than the sum of the insured's uninsured motorist limits and the liability insurance limits available to the insured from the tortfeasor's liability insurance carrier.
State Farm appeals from a final judgment holding that it was not entitled to a set-off of the $10,000 liability insurance limits of the third party tortfeasor against its $20,000 uninsured motorist limits where the insured's damages were established by a jury at $40,000.
On 29 October 1973, Celia Jenkins was injured in a collision between the car in which she was a passenger and a car driven by Evelyn Berger. Jenkins recovered the $10,000 policy limits of Berger's liability insurance policy. The driver and owner of the car in which Jenkins was riding were covered by $20,000 of uninsured motorist insurance issued by State Farm. Jenkins brought suit against State Farm to recover the balance of her damages up to the policy limits of the uninsured motorist coverage. Jenkins' total damages were determined by the jury to be $40,000.
The trial court entered final judgment finding that although Jenkins had recovered the $10,000 policy limits of the tortfeasor, the $20,000 uninsured motorist coverage constituted "excess coverage, and since plaintiff's damages were $40,000, the defendant is not entitled to any set-off or credit against its policy limits." Judgment was then entered against State Farm for $25,053, representing the $20,000 uninsured motorist policy limit, $4,500 in attorney's fees, and $553 in taxable costs. We reverse.
Section 627.727(1), Florida Statutes (1977), provides in pertinent part that uninsured motorist coverage
"shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation law, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally *1203 liable together with such owner or operator for the accident."
The basic theory of uninsured motorist coverage is to allow the insured the same recovery which would have been available to him had the tortfeasor been insured to the same extent as the insured himself. Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978).
The statute clearly states that uninsured motorist coverage shall be excess over but shall not duplicate benefits available to an insured under any automobile liability coverages from the owner or operator of the uninsured motorist vehicle. Dewberry v. Auto-Owners Insurance Company, supra.
Here, the $10,000 limit of the tortfeasor's liability coverage was paid to Jenkins. This sum reduces the $20,000 maximum uninsured motorist coverage available to Jenkins by $10,000. Otherwise, $10,000 of the $20,000 uninsured motorist coverage would be duplicated by the $10,000 benefits paid by the tortfeasor's automobile liability insurance coverage which is prohibited by Section 627.727(1). Thus, Jenkins is entitled to only $10,000, the excess uninsured motorist benefits.
The case of Government Employees Insurance Company v. Shelly, 347 So.2d 124 (Fla. 4th DCA 1977), which was relied upon by the trial court and by Jenkins, is not applicable to the facts of this case. Shelly did not consider Section 627.727(1) which controls this case and Dewberry obviously overrules Shelly if it was applicable.
We would like to point out that the Dewberry decision was rendered after the trial court entered its final judgment.
We reverse the final judgment and remand to the trial court with instructions to enter judgment for Jenkins in the amount of $15,053 representing $10,000 uninsured motorist coverage, $4,500 attorney's fees and $553 taxable costs.
ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.