376 So.2d 1183 (1979)
Lanny HALL, Appellant,
v.
LIBERTY MUTUAL INS. CO., Appellee.
No. II-327.
District Court of Appeal of Florida, First District.
October 12, 1979.
Gerald Sohn, Jacksonville, for appellant.
Herbert R. Kanning of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
ROBERT P. SMITH, Jr., Acting Chief Judge.
Contesting the amount of uninsured motorist insurance (UMI) benefits payable by Liberty Mutual to Hall, both appeal from a circuit court judgment awarding Hall $40,426.07. Hall accepted the policy limits of $25,000 in settlement of his personal injury claim against a third person and his insurer. He received $2,000 in medical expense benefits from Liberty Mutual, after litigation. Turning to his own UMI protection, in the policy amount of $50,000, Hall demonstrated through arbitration that his total damages were $55,000. The circuit court awarded Hall an amount calculated as follows:

 trial court judgment
Tortfeasor's insurance limits paid $25,000.00
Less Hall's attorney fees and costs 10,336.07
 __________
Hall's net recovery $14,663.93
Hall's UMI coverage $50,000.00
Less credit for net recovery 14,663.93
 __________
Hall's UMI recovery $35,336.07
Attorney fee and costs 5,090.00
 __________
Total ............................................. $40,426.07

Hall asserts that he should have an additional $5,000, plus an attorney fee award on appeal, because his actual damage of $55,000 exceeded his UMI coverage of $50,000, and his $14,663.93 net recovery left $40,336.07 uncollected and, he urges, fully covered by his $50,000 UMI coverage. The insurer, on the other hand, complains of the trial court's subtraction of Hall's attorney fees and costs in calculating his recovery from the tortfeasor, and urges also that $2,000 medical expense payments by it to Hall should further reduce the amount of UMI coverage payable.
Under the principles of the Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), Jones v. Travelers Indemnity Co. of Rhode Island, 368 So.2d 1289 (Fla. 1979), and Masters v. Lester, 366 So.2d 471 (Fla. 1st DCA 1979), Hall's UMI coverage is the *1184 amount by which his damage or his UMI limits, whichever is less, exceeds the amount recovered from the tortfeasor's insurer. Nor is Hall entitled to subtract his attorney fees and costs incurred in producing the $25,000 settlement, when calculating the amount of his recovery from the tortfeasor. This is not a case in which Hall produced a settlement fund from which his own insurer sought subrogation and reimbursement. See Government Employees Ins. Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976); Central National Ins. Group v. Hotte, 312 So.2d 235 (Fla. 1st DCA 1975).
On Liberty Mutual's appeal, we find that the maximum UMI coverage of $50,000 was reduced not only by the amount available from the tortfeasor but also by the $2,000 medical expense benefits provided by Liberty Mutual. UMI benefits are not awardable to the extent they duplicate "benefits available to an insured under ... any ... automobile medical expense coverages... ." Section 627.727, Florida Statutes (1977).
Hall's reply brief makes representations dehors the record concerning the issue or renewal date of the Liberty Mutual policy, suggesting that present section 627.727 is inapplicable. We disregard those representations and treat the case as it apparently was treated below, as one in which the task is to compute the available UMI benefits which are "excess over" and do not "duplicate" benefits otherwise available. Disregarding Hall's representations, we avoid the latent question, not briefed by the parties, of whether Hall was in fact injured by an "uninsured motorist." See Section 627.0851, Florida Statutes (1970 Supp.).
Hall's proper recovery in this case is:

Hall's UMI coverage $50,000
Less Hall's recovery from tortfeasor 25,000
 _______
 $25,000
Less auto medical expense benefits 2,000
 _______
 $23,000
Plus trial court fees and costs 5,090
 _______
Total payable .......................... $28,090

Hall's motion for appellate fees is DENIED. The judgment is REVERSED and the case REMANDED for entry of a judgment for Hall in the amount of $28,090.
BOOTH, J., and KLEIN, HERBERT M., Associate Judge, concur.