Robert E. BROWN and Shirley
Brown, Plaintiffs,

v.

Donald L. COMEGYS, et al.,
Defendants.

Civ. A. No. 83C-MR-93.

Superior Court of Delaware,
New Castle County.

Submitted: June 24, 1985.
Decided: Oct. 3, 1985.

Kenneth M. Roseman of D'Angelo, Ci-
conte & Roseman, Wilmington, for plain-
tiffs.

Richard P.S. Hannum of Prickett, Jones,
Elliott, Kristol & Schnee, Wilmington, for
Valley Forge Ins. Co.

TAYLOR, Judge.

The complaint alleges that plaintiffs
were injured in an automobile accident
which occurred on June 17, 1982 at the
intersection of Route 896 and County Road
25 near Middletown, Delaware. Plaintiffs'
vehicle and the vehicle of defendant Donald
L. Comegys [Comegys] collided. The com-
plaint alleges that the accident was caused
by negligence of Comegys in operating his
vehicle and by negligence of an unknown
owner and operator of a truck which was
parked at the intersection and obstructed
the vision of plaintiffs and Comegys. Be-
cause plaintiffs were covered by motor ve-
hicle insurance policy issued by defendant
Valley Forge Insurance Company [Valley

Forge] which provided uninsured motorist coverage for them and the truck owner and operator are unknown, plaintiffs seek to recover from Valley Forge for their damages which are attributable to the negligence of the truck owner and operator.

Valley Forge has moved to stay proceeding involving the portion of the complaint which asserts a claim against it. The ground asserted in its initial brief was that Valley Forge was entitled to have its claim reduced by the amount which plaintiff might recover from Comegys and, therefore, the action against Valley Forge should be delayed until the recovery from Comegys had been exhausted. A second contention by Valley Forge is that its PIP payments to plaintiff should reduce plaintiff's uninsured motorist recovery. In its reply brief, Valley Forge does not discuss the arguments made in its initial brief, but asserts that plaintiffs are not entitled to pursue the uninsured motorist claim in Court because their policy required them to submit the matter to arbitration.

### I

The applicable policy provision reads: If we and a covered person do not agree:

    1. Whether that person is legally entitled to recover damages under this endorsement; or

    2. As to the amount of damages; either party may make a written demand for arbitration.

Valley Forge relies on *Nelson v. Allstate Insurance Co.*, Del.Super., 298 A.2d 337 (1972) in support of the proposition that arbitration provisions under uninsured motorist coverage are enforceable, stating that *Nelson* enforced a provision "identical in substance" to the provision involved here.

Although the quoted insurance policy provision in *Nelson* is more absolute than the language in this case, the decision here does not turn on language difference. *Nelson* only involved one defendant, namely, the uninsured coverage carrier, and therefore, apparently involved only one tort-

feasor. Therefore, all of the issues affecting plaintiff's claim for damages resulting from the accident could be effectively resolved in the arbitration proceeding.

The ultimate consideration in *Nelson* is found in the following language:

Plaintiffs in this case have in no way demonstrated in what manner the arbitration would work a fraud upon them or deprive them of substantial justice on their claim for damages. In the absence of such a showing there is no sufficient reason to refuse an enforcement of their voluntary agreement.

The instant case involves two alleged tortfeasors, one of whom is defendant Comegys, and the other is the unknown truck driver in whose shoes Valley Forge stands. Where more than one tortfeasor may have caused the accident, it is desirable to have the circumstances and causation of the accident and the determination of the liability of all whose negligence may have contributed to the accident be resolved in a single proceeding. In this way the contentions of each alleged tortfeasor that the other alleged tortfeasor caused the accident may be evaluated and a decision reached as to both alleged tortfeasors in that proceeding. Valley Forge seeks to isolate the claim against defendant Comegys from the claim against Valley Forge which denies fault on the part of the unknown truck driver and asserts that the accident was caused by Comegys. If this isolation were accepted, the result could be that the triers of each segment may reach inconsistent results either on the liability issue or on the amount of damages due plaintiff. This is a result which modern rules of procedure seek to avoid. To this end, *Superior Court Civil Rule 20* permits joining actions arising from the same occurrence. Cf. *Ebersole v. Lowengrub*, Del. Super., 208 A.2d 495 (1965). I conclude that in view of the considerations described above it would not be in the interest of justice to require separate trial of defendant Comegys from that of Valley Forge, as

the substitute for the unknown truck driver. These same considerations lead the Court to the conclusion that to require plaintiff to arbitrate his claim against Valley Forge insofar as it involves the tort liability of the unknown truck driver while pursuing this suit only against Comegys would deprive plaintiff of substantial justice. Therefore, applying the *Nelson* test, plaintiff will not be required to resort to arbitration in lieu of trial.

## II

Valley Forge cites the language of 18 *Del.C.* § 3902(a)(4) which reads:

(4) In the event of payment to any person under uninsured vehicle coverage and, subject to the terms of such coverage, to the extent of such payment, the insurer shall be entitled to the proceeds of any settlement recovery from any person legally responsible for the bodily injury or property damage as to which such payment was made and to amount recoverable from the assets of the insolvent insurer of the other vehicle; provided, that this right of subrogation is limited to the amount of coverage required by the financial responsibility law.

From this language Valley Forge argues that its uninsured liability is entitled to be reduced by the amount of the recovery from a joint tortfeasor and hence that litigation should not be pursued against it until the recovery from a joint tortfeasor has been established, citing *State Farm Mut. Auto Ins. Co. v. Jenkins*, Fla.App., 370 So.2d 1201 (1979); *Ackermann v. Prudential Property & Cas. Ins. Co.*, 83 Ill. App.3d 590, 39 Ill.Dec. 150, 404 N.E.2d 534 (1980); *Michigan Mut. Liab. Co. v. Karsten*, 13 Mich.App. 46, 163 N.W.2d 670 (1968).

■ This contention does not find support in the Delaware statute. This statute contemplates that after payment by the insurer, the insurer is subrogated to the proceeds of any settlement with a person legally responsible for the injuries. Moreover, it is not consistent with the objective of the statute, namely, to provide the insured with self protection as though the tortfeasor had carried the same liability coverage as that carried by the insured. *O'Hanlon v. Hartford Accident & Indem. Co.*, D.Del., 457 F.Supp. 961, 965 (1978). Further, it is not consistent with the rights of a person who is injured by joint or several tortfeasors. Under the concept of joint or several liability, the injured person is entitled to recover his damages from either or both of the tortfeasors, without distinction, subject to the limitation that his total recovery may not exceed the full amount of his damage. 4 *Restatement, Second of the Law of Torts*, § 879. Neither tortfeasor can require the injured party to pursue the other tortfeasor first. Ibid, § 882. If the unknown truck driver had carried liability insurance comparable to the liability insurance coverage carried by plaintiff, plaintiff would have been entitled to pursue Comegys and that truck driver in the same suit at the same trial, and would be entitled to obtain recovery either from Comegys' insurance carrier or from the truck driver's carrier.

As between two tortfeasors who cause a single injury, each is entitled to obtain apportionment for the other as provided by 10 *Del.C.* Ch. 63. By virtue of that statute the jury which determines the rights of the injured party to recover from tortfeasors can determine the portion the total damages which each tortfeasor should bear with respect to the other. However, this apportionment does not interfere with the right of the injured party to recover fully from either tortfeasor. 4 *Restatement, Second of the Law of Torts* § 879. That statute created a right which had not existed previously whereby one tortfeasor can require another tortfeasor to contribute to reimburse the tortfeasor who has paid plaintiff a greater amount than the tortfeasor's share based on the relative fault of the two tortfeasors. *DiStefano v. Lamborn*, Del.Super, 81 A.2d 675 (1951); *Baltimore Trust Co. v. State*, 183 Md. 674, 39 A.2d 858 (1944).

I find no support for the proposition that plaintiff must delay pursuing recovery under his uninsured motorist coverage as provided under 18 *Del.C.* § 3902 until exhausting recovery against another tortfeasor. Any such language in a policy would violate that statute.

### III

Valley Forge contends that any amount payable under its uninsured motorist coverage must be reduced by the amount of no-fault or PIP benefits paid to plaintiffs pursuant to 21 *Del.C.* § 2118. In support of this contention, Valley Forge cites the following provision from the policy:

Any · amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of the policy;

Plaintiffs contend that if the above provision is given the construction which Valley Forge gives it, the provision is void against public policy.

The purpose of 18 *Del.C.* § 3902 is to make available the opportunity for the insured to have the same risk protection posed by an uninsured driver which the insured provides for others through the insured's liability coverage up to a maximum of $300,000. *O'Hanlon v. Hartford Accident & Indem. Co.*, D.Del., 439 F.Supp. 377, 383 (1977); 457 F.Supp. 961, 965 (1978), *modified* 3d Cir., 639 F.2d 1019 (1981). Further, if the insured elects to purchase the coverage which the statute makes available, the insurer cannot make inroads into the statutorily defined coverage by a clause which reduces the protection which the statute contemplates. Ibid. Hence, the liability coverage which Valley Forge provided to plaintiffs must be examined. The Liability Coverage (Part A) of plaintiffs' Personal Auto Policy issued by Valley Forge states:

We will pay damages for bodily injury or property damage for which any covered

person becomes legally responsible because of an auto accident.

This provision brings into focus the extent to which the insured is "legally responsible because of an auto accident". In general, the basis of liability in connection with an automobile accident is negligence on the part of the driver. The extent of the liability is determined by the injuries and damages to others which were proximately caused by the negligence of the person who proximately caused the accident. 21 *Del.C.* § 2118(g) bars an injured person from recovering medical expenses and lost earnings (up to a specified amount), commonly known as PIP coverage from the tortfeasor. Other traditional elements of damages remain recoverable against the tortfeasor. Applying these considerations to plaintiff's rights under the uninsured motorist coverage, plaintiff is entitled to recover under that coverage all of the traditional elements of damages which he would have been able to recover against the uninsured tortfeasor, excluding of course amounts recoverable under PIP for which he is not entitled to sue the tortfeasor.

■ It is not clear whether Valley Forge is contending that it is entitled to a credit for PIP payments which it makes to plaintiff even though plaintiff cannot sue Valley Forge under the uninsured motorist coverage for PIP damages. The coverage contemplated by 18 *Del.C.* § 3902 is to place the insured in the same position as he would have been if the tortfeasor had carried the same liability coverage which the insured carried (limited by the statutory maximum). To construe the policy language to permit an offset of PIP payments against plaintiff's recoverable damages (which do not include PIP payments) would reduce plaintiff's recovery below that contemplated by the statute and hence would violate the statute.

### IV

In summary, the motion of Valley Forge is denied in all respects.

IT IS SO ORDERED.