**Toni MARCKESE, Plaintiff,**

v.

**Lemuel TAYLOR, II and Horace Mann Insurance Company, a foreign corporation, Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted: May 15, 1991.
Decided: May 21, 1991.

Eric M. Doroshow, of Doroshow, Pasquale & Linarducci, Wilmington, for plaintiff.

Stephen F. Dryden, of Heckler & Cattie, Wilmington, for defendant Lemuel Taylor, II.

Marc P. Niedzielski, of White & Williams, Wilmington, for defendant Horace Mann Ins. Co.

## OPINION

TAYLOR, Judge.

Plaintiff was involved in an automobile accident on January 26, 1988. The collision involved plaintiff's automobile and defendant Lemuel Taylor's automobile. It is alleged that the collision was caused at least in part by the presence of another automobile whose identity is unknown [unknown car] which was stopped on the road. Plaintiff had uninsured motorist coverage issued by defendant Horace Mann Insurance Com-

pany [insurer]. Plaintiff seeks to recover from insurer for damages caused by the driver of the unknown vehicle.

### I.

Insurer has moved to dismiss plaintiff's uninsured motorist claim against it on the ground that the claim is barred by plaintiff's failure to notify insurer of that claim within the period required by 18 *Del.C.* § 3902(a)(3)c.

18 *Del.C.* § 3902(a)(3)c provides:

(3) For the purpose of this section, an uninsured vehicle shall be defined as:

c. A hit-and-run motor vehicle that causes an accident resulting in bodily injury or property damage to property of the insured. Bodily injury or property damage must be caused by physical contact of the hit-and-run vehicle with the insured or with an insured motor vehicle, or by a noncontact vehicle where the identity of both the driver and the owner of such vehicle are unknown. The accident must be reported to the police or proper governmental authority. The insured must notify his insurer within 30 days, or as soon as practicable thereafter, that the insured or his legal representative has a legal action arising out of the accident.

Insurer's position is that the existence of the unknown car and its effect on the collision was known to the plaintiff immediately after the accident. Insurer relies on the report made by the policeman who investigated the accident at the scene immediately after the accident. It was represented at the pretrial conference when this motion was presented that plaintiff was present when the statement was made to the policeman about the unknown car. Therefore, it contends that plaintiff failed to meet the quoted requirement and the uninsured motorist claim should be dismissed.

Plaintiff contends that the limitation is governed by *Allstate Ins. Co. v. Spinelli*, Del.Supr., 443 A.2d 1286 (1982), which held that the applicable statute of limitations for a claim based on uninsured motorist insurance is 10 *Del.C.* § 8106, which provides a three year limitation, and that the com-

mencement of that period is when the insurer informs the claimant of its denial of the claim. Plaintiff also cites *Lambert v. Hitchens,* Del.Super., C.A. No. 80C–JN–7, Martin, J. (Letter Opinion) (July 22, 1895); and *Goodyear v. Fleece,* Del.Super., C.A. No. 85C–NO–141, 1988 WL 130470 Poppiti, J. (ORDER) (November 16, 1989), both of which applied the holding in *Spinelli* that the statute of limitations begins to run when the insurer denies uninsured motorist benefits. Neither decision addressed the requirement of 18 *Del.C.* § 3902(a)(3)c.

■ Plaintiff also argues that the 30 day notification requirement is merely advisory and not preclusive of the claim. No authority is cited for that proposition. Plaintiff points out that the language negates the absolute nature of the requirement by permitting an alternative of "as soon as practicable".

*Spinelli* antedated 18 *Del.C.* § 3902(a)(3)c. *Spinelli* was decided March 22, 1982. 18 *Del.C.* § 3902 was amended by 63 *Del.C.* Ch. 243, which was approved May 20, 1982, effective 90 days thereafter, to add the requirement for notice to the uninsured motorist insurer within 30 days after the accident or as soon as practicable thereafter. The timing of the statutory change could have been a prompt response to *Spinelli.* In any case, *Spinelli* was decided prior to the existence of the 30 day requirement. Therefore, *Spinelli* does not bar consideration of the effect of the 30 day requirement upon this suit.

18 *Del.C.* § 3902(a)(3)c is a notice requirement, appearing in Title 18 relating to insurance matters, and should not be confused with statutes of limitation which generally are found in Title 10. In my judgment, it bears striking similarity to a notice requirement frequently found in insurance policies. If that requirement has not been met, it may bar the suit from being pursued.

The time requirement of 18 *Del.C.* § 3902(a)(3)c by including the phrase "or as soon as practicable thereafter" provides for a reasonable person standard to be applied. It contemplates that the facts surrounding the claim and the reasons for the delay in giving notice to the insurer should be considered in determining whether the insured's conduct satisfied the notice requirement.

■ The motion before the Court is a motion to dismiss the complaint. As such, the consideration is confined to the contents of the complaint unless evidentiary matter is submitted which would permit the Court to treat the motion as a motion for summary judgment. Superior Court Civil Rule 12(b). While defendant has submitted a copy of the report of the investigating police officer, that is not made under oath by the officer and does not qualify for consideration underSuper.Ct.Civ.R. 56(e). Furthermore, the report does not show that plaintiff was present when the subject of the unknown car was mentioned by defendant Taylor.

The motion will not be granted on the grounds discussed above.

## II.

■ Insurer's second ground for dismissal is that plaintiff's insurance policy requires arbitration of any uninsured motorist claim if requested. Service was made upon insurer by serving the Insurance Commissioner on March 19, 1991 and insurer entered its appearance on April 2, 1991. On May 6, 1991 insurer requested arbitration of plaintiff's uninsured motorist claim.

Insurer relies on *Graham v. State Farm,* Del.Supr., 565 A.2d 908 (1989) in support of this ground of its motion to dismiss. Plaintiff contends that *Graham* is factually and legally distinct from this case, but it does not elaborate on its generalization. It also relies on *Brown v. Comegys,* Del.Super., 500 A.2d 611 (1985) in support of applying a test of "substantial justice" as a ground for distinguishing *Graham.*

The present case is distinguishable from *Brown* on the facts. The original complaint in *Brown,* which was filed March 24, 1983 joined the known defendant and the uninsured motorist insurer and asserted the uninsured motorist claim. The insurer did not activate the issue of arbitration until November 1984. *Brown* applied a substantial justice test which this Court

had accepted in *Nelson v. Allstate Insurance Co.*, Del.Super., 298 A.2d 337 (1972) and held that substantial justice in that case warranted denial of enforcement of the arbitration procedure. This litigation began June 5, 1989 against named individuals as an ordinary tort action. It remained in that posture through pretrial stage until April 1991 when insurer was added as a party and the uninsured motorist allegations were added to the complaint. Insurer made its election to arbitrate the claim against it in a timely fashion.

In *Graham* the Delaware Supreme Court, while recognizing that the contractual right to arbitrate may be waived, held that the right to arbitration is favored in the law and if it is properly invoked the party should not be deprived of that right unless the proceeding is "tainted by 'corruption, fraud or other undue means,' by 'evident partiality,' or by other specified forms of misconduct." 565 A.2d at 911. In view of the holding in *Graham*, insurer is entitled to have plaintiff's claim against it resolved by the arbitration procedure set forth in the insurance policy.

Based on the foregoing considerations, the motion of defendant Horace Mann Insurance Company to dismiss the complaint against it is GRANTED.