318 So.2d 552 (1975)
George CATCHES, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. X-238.
District Court of Appeal of Florida, First District.
August 25, 1975.
Rehearing Denied October 6, 1975.
*553 Jack S. Graff of Levin, Warfield, Middlebrooks, Graff, Mabie, Resenbloum & Magie, Pensacola, for appellant.
Robert P. Gaines of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
RAWLS, Acting Chief Judge.
This is the second appeal in this cause.[1] An essential fact pertinent to this appeal set out in our prior opinion is: "Appellant brought this suit praying for equitable distribution of the $5,000 PIP benefits. Appellee contends it is entitled to reimbursement of the full $5,000." [Emphasis supplied.] We held that the trial court erred in denying equitable distribution and reversed.
Now, appellant contends that the trial court, after awarding equitable distribution, erred in not awarding him attorney's fees incurred in sustaining his position as to his "dispute" with his insurer and relies upon a statement by this Court in Dunmore v. Interstate Fire Insurance Company[2] to such effect. As appellee so aptly points out, in Dunmore the insured filed an application with his insurer for personal injury protection benefits. The insurer did not make payment within the 30-day statutorily dictated period. The insured, upon the insurer's failure to comply with the terms of the policy, was forced to seek judicial recourse. Clearly, he was entitled to attorney's fees.
An analogous situation is here presented. Appellee Government Employees did initially pay appellant Catches $5,000.00 he was entitled to by reason of the policy provision for personal injury protection benefits. However, upon the appellee recovering from his tort-feasor, Government Employees took the position that according to the terms of its policy (as amended statutorily), it was entitled to recover the $5,000.00 it had previously paid, and that it was not subject to equitable apportionment. Government Employees, in effect, denied a material obligation of coverage to its insured. We hold that upon such denial, the trial judge erred in not awarding attorney's fees pursuant to the provisions of Florida Statute 627.428(1). We do not hold that an insurer, who in good faith negotiates with its insured as to the "equitable distribution" of sums recovered from a tort-feasor, is liable for attorney's fees when the insured pursues judicial relief.
Reversed and remanded.
McCORD, J., and SMITH, SAMUEL S., Associate Judge, concur.
NOTES
[1] Catches v. Government Employees Ins. Co., 295 So.2d 116 (1 Fla.App. 1974).
[2] Dunmore v. Interstate Fire Insurance Company, 301 So.2d 502 (1 Fla.App. 1974).