WALDEN, Judge.
We affirm an award of attorney fees.
The agreed appellate issue is:
Whether the trial court erred in awarding Kilby attorney’s fees in a proceeding for equitable distribution under Fla.Stat. § 627.736.
Appellant, Reliance Insurance Company, paid $778.86 as personal injury protection benefits to its insured, Thomas L. Kilby. The Kilby personal injury suit was settled for $5,700, whereupon Reliance filed a Notice of Lien on account of the PIP benefits paid.
Kilby and Reliance being unable to negotiate a settlement, Kilby filed a Motion For Equitable Distribution and Assessment of Attorney Fees.
This is important — Reliance prior to judicial decision demanded 80% of its total payout, or $623.09, in settlement. The trial court found that the true value of Kilby’s claim was $22,800 and that Reliance was entitled to only 18% of the PIP payments, or a total reimbursement of $138.24.
The trial court further found that a “dispute” between Kilby and Reliance had arisen necessitating court proceeding for its resolution under Fla.Stat. 627.736(3)(b) (1975). The court awarded Kilby’s attorney an attorney’s fee of $350 under authority of Fla.Stat. 627.736(8) (1975) and Fla.Stat. 627.428 (1975).
Reliance appeals. We affirm.
Reliance argues that, under the pertinent Florida Statutes, supra, a dispute is required, plus a judgment as a predicate for an award of an attorney fee. We disagree. It is our interpretation that only a dispute is required and we feel that the award of an attorney fee here is justified and authorized by Catches v. Government Employees *631 Insurance Company, 318 So.2d 552 (1st DCA Fla.1975); White v. Reserve Insurance Company, 299 So.2d 661 (1st DCA Fla.1974).
Reliance seeks to distinguish Catches because there the carrier had demanded 100% reimbursement, while here the demand was for only 80%. In Catches the court said by demanding 100% the carrier was, in effect, denying a material obligation of coverage to its insured. We feel that in the instant case Reliance, by demanding 80% reimbursement when it was only entitled to 18%, did, as in Catches, deny a material obligation of coverage to its insured. Because of this denial Kilby is entitled to an award of an attorney fee under Fla.Stat. 627.428(1) (1975).
We would also adopt and repeat the caution found in Catches,
“We do not hold that an insurer, who in good faith negotiates with its insured as to the ‘equitable distribution’ of sums recovered from a tort-feasor, is liable for attorney’s fees when the insured pursues judicial relief.” 318 So.2d 552 at 553.
In the practical operation of equitable distribution of PIP benefits, we would suppose and hope that the insurer and insured, negotiating in good faith, would in most instances be able to amicably settle on an agreed apportionment without judicial help. However, we recognize that there may be problems in the everyday working relationship between the mentioned statutes and the Catches decision.
To begin with, as illustrated by the facts in the instant case, the amount of PIP benefits is often relatively small. With PIP benefits of $778.86 to be apportioned, it would make no economic sense for the insured to seek judicial apportionment if the insured must pay his own attorney fee. The fees could very well equal or surpass the award of benefits. After all, the legal work of demonstrating the value of the claim falls on the insured. So, if an insured is not to receive an award of attorney fees, he or she is left to the mercy and dictates of the insurer in the amounts of apportionment.
On the other nand, it would be an equally unfair application and interpretation to allow every insured an attorney fee upon the mere filing of a motion for equitable distribution, regardless of the good faith efforts of the insurer.
And so it is our view that an insured is entitled to an award of attorney fees when the insurer refuses or fails to negotiate in good faith. We further feel that the trier of the fact can gauge that good faith or lack thereof by the percentage imbalance between that amount demanded and that judicially awarded to the insurer. Where, as here, the difference is gross, it is our judgment that the trial court was correct in finding a dispute and awarding fees.
AFFIRMED.
ALDERMAN, J., and DAKAN, STEPHEN L., Associate Judge, concur.