OVERTON, Justice.
These causes have been consolidated to review by certiorari decisions of the Third District Court of Appeal, reported as Rodriguez v. Travelers Insurance Co., 367 So.2d 687 (Fla. 3d DCA 1979), and Lindsay v. Travelers Indemnity Co., 368 So.2d 605 (Fla. 3d DCA 1979). In its Rodriguez opinion, the district court expressly recognized conflict with Catches v. Government Employees Insurance Co., 318 So.2d 552 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 41 (Fla. 1976), and Reliance Insurance Co. v. Kilby, 336 So.2d 629 (Fla. 4th DCA 1976). In its Lindsay decision, the Third District reversed the trial court upon the authority of its recently decided Rodriguez decision. We agree there is conflict and, consequently, we have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
*343 Both the Rodriguez and the Lindsay cases concern the statutory authority providing an insured attorney’s fees in a proceeding for the equitable distribution of personal injury protection benefits under the provisions of section 627.736(3)(b), Florida Statutes (1975). The trial court in both Rodriguez and Lindsay found there was no bad faith by the carrier, Travelers, and denied attorney’s fees. The district court held in Rodriguez:
[Wjhen . . . the trial judge awards the p. i. p. carrier less than what it has demanded in equitable distribution, the insured is entitled to an attorney’s fee under § 627.428(1), Fla.Stat. (1975). . .
. [FJees must be awarded when the statutory prerequisites are met, regardless of whether the insurance company has acted in bad faith or not.
367 So.2d at 690.
We approve the Rodriguez opinion and conclude that section 627.736(8), which reads: “With respect to any dispute under the provisions of §§ 627.730-627.741 between the insured and the insurer, the provisions of § 627.428 shall apply” [emphasis supplied], includes personal injury protection equitable distribution proceedings in the provisions of section 627.736(3)(b) as that section existed at the time of this incident. We emphasize that these equitable distribution proceedings for personal injury protection no longer exist since this statute as it pertained to this type of proceeding was repealed effective October 1, 1976. Ch. 76-266, § 4, Laws of Fla.
Although we approve the Rodriguez decision, we find we must quash the Lindsay decision because the district court failed to properly apply the rule of law adopted in Rodriguez. In Lindsay, the insured offered $150 to the carrier prior to filing the complaint for equitable distribution. The carrier responded immediately after the complaint for equitable distribution was filed, advising it was willing to accept forty percent of its personal injury protection lien or $479.08. The insured refused, and the trial court after final hearing set the figure at the exact amount the carrier offered. Under these circumstances we find Lindsay was not, in the words of the district court in Rodriguez, forced to recover, “by judicial action, any amount in equitable distribution which his p. i. p. carrier was unwilling voluntarily to give him . . . .” 367 So.2d at 691. We therefore quash the decision of the district court in Lindsay to the extent it remands for further proceedings to fix an attorney’s fee.
A second issue in the Rodriguez case concerns a claim by the insured, Rodriguez, that Travelers, as carrier, should be required to equitably adjust medical payment benefits which the carrier was awarded under the express subrogation provisions of the policy. For the reasons expressed by the district court, we reject this contention and approve the decision of the district court.
In summary, we approve the decision of the district court in Rodriguez on both issues but quash the decision of the district court in Lindsay to the extent it remands to the trial court to fix attorney’s fees.
It is so ordered.
ENGLAND, C. J., and ADKINS and SUNDBERG, JJ., concur.
BOYD and ALDERMAN, JJ., concur in part and dissent in part with opinions.
McDONALD, j., dissents.