ALDERMAN, Justice,
concurring in part, dissenting in part.
I dissent from the approval of the decision of the district court in Rodriguez v. Travelers Insurance Co. because I disagree with the district court’s holding that under *344 former section 627.736(3)(b), providing for equitable distribution of personal injury protection benefits, attorney’s fees must be awarded when statutory prerequisites are met regardless of whether or not the insurance company has acted in bad faith. Rather, I agree with the view announced by the District Court of Appeal, First District, in Catches v. Government Employees Insurance Co., 318 So.2d 552 (Fla. 1st DCA 1974), cert. denied, 333 So.2d 41 (Fla.1976), and the District Court of Appeal, Fourth District, in Reliance Insurance Co. v. Kilby, 336 So.2d 629 (Fla. 4th DCA 1976), that in an equitable distribution situation pursuant to former section 627.736(3)(b), an insured is entitled to an award of attorney’s fees when the insurer refuses or fails to negotiate in good faith.
I concur in result, however, with the quashal of the district court’s remand for further proceedings fixing attorney’s fees in Lindsay v. Travelers Indemnity Co.