## CONNERS v J. T. HINTON OIL CO., INC.
Case No. 87-187-CA

Third Judicial Circuit, Madison County

March 13, 1990

### APPEARANCES OF COUNSEL

**Donald M. Hinkle, Esquire,** Fouviella & Hinkle, for plaintiffs.

**Stephen Mitchell, Esquire,** for defendants.

**Richard L. Rogers, Esquire,** Assistant General Counsel, Department of Health and Rehabilitative Services, for intervenor.

### OPINION OF THE COURT

WALLACE M. JOPLING, Circuit Judge.

THIS CAUSE having come to be heard and after hearing argument and reviewing memoranda filed by counsel the court finds as follows:

1. The Plaintiffs and Intervenor Department of Health and Rehabilitative Services (the "Department") stipulated as to the significant facts of the case, which are as stipulated in the Joint Stipulation dated February 13, 1990. *Editor's Note: Joint Stipulation attached hereto.*

2. Plaintiffs stipulated as to the intervention of the Department in this case.

3. Pursuant to § 409.266(4), Fla. Stat. (1989), the Department is entitled to recovery in full of all amounts of medical expenses provided by the Florida Medicaid Program on behalf of Charles E. Conners, Plaintiff ("Conners"), in the amount of $14,383.06.

(a) The Department has an assignment of Conners' right to any payments for medical care from a third party, in the amount of $14,383.06, the amount of medical assistance paid by the Department. § 409.266(4)(c), Fla. Stat. (1989); 42 CFR § 433.145—§ 433.146.

(b) Since the Department has paid for medical care pursuant to the Florida Medicaid program, the Department has a lien, for the amount of $14,383.06, the amount of medical assistance paid, upon collateral consisting of the present cause of action at issue in this case, which accrued to Plaintiff Conners as a result of sickness, injury, disease or disability due to the liability of a third party which necessitated the medical care. § 409.266(4)(f), Fla. Stat. (1989).

(c) The Department is automatically subrogated to any rights Plaintiff Conners has to third party payments, and is to recover to the fullest extent possible the amount of medical assistance payments made on Conners' behalf by Medicaid. § 409.266(4)(b), Fla. Stat. (1989). The Department, as a subrogee which has paid medical expenses, is not limited to a portion of its outlay on the basis of equitable distribution or equitable adjustment. *Travelers Ins. Co. v Rodriquez,* 387 So.2d 341, 343 (Fla. 1980).

(d) The Department's rights are not diminished or affected as a result of the recipient's settlement agreement or agreement to pay contingency fees. § 409.266(4)(e), Fla. Stat. (1989).

(e) Plaintiff Conners relies upon the case of *Underwood v Department of Health and Rehabilitative Services,* 551 So.2d 522 (Fla. 2d DCA, September 15, 1989) (reh. den. November 8, 1989, mandate issued November 28, 1989, Notice to Invoke Discretionary Jurisdiction of the Supreme Court filed December 8, 1989).

Without deciding as to whether *Underwood* is binding upon this court, under *Stanfil v State* 384 So.2d 141 (Fla. 1980), this court finds that the facts in the present case are distinguishable from those in *Underwood.*

Appellant Underwood had grievous injuries claimed to be worth $3 million for which only $105,000 in insurance was available, $100,000 liability coverage and $5,000 medical pay coverage. In the present case,

although a verdict showed Plaintiff Conners' damages to be $800,000, Conners' damages agreed upon by Conners and Defendant were $400,000. The reduction of the amount of damages was the result of Conners' actions, both his own comparative negligence and his settlement agreement. The Department took no part in either. Unlike the situation in *Underwood,* apparently there were sufficient resources in this case to pay both the claim of Conners and that of his wife.

The 50% reduction in damages was solely due to the actions of Conners, through his negligence and agreement with defendant, after an evaluation of the value of his case. Since no action of a Medicaid recipient can prejudice the subrogation rights of the Department (§ 409.266(4)(e), Fla. Stat.), the 50% reduction agreed to by Conners cannot have the effect of reducing or prorating recovery by the Department. In *Underwood,* the prorating was not due to the action of the recipient, but due to lack of sufficient third party resources to cover Appellant Underwood's damages. Accordingly, the equitable prorating established in *Underwood* should not be applicable in this case.

The Plaintiff Charles Conners' claim having been settled for an amount far in excess of the medical assistance paid by Medicaid, it is

ORDERED AND ADJUDGED that the Department of Health and Rehabilitative Services be, and the same is, hereby entitled to recover from the proceeds of the settlement in this case, the full amount of medical assistance paid on behalf of Plaintiff Charles E. Conners in the amount of Fourteen Thousand Three Hundred Eighty Three Dollars and Six Cents ($14,383.06) from Plaintiffs or any person holding the proceeds of settlement on Plaintiff's behalf.

DONE AND ORDERED this 13th day of March, 1990, in Chambers at Lake City, Florida.

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR MADISON COUNTY, FLORIDA

CHARLES E. CONNERS and
SYLVIA M. CONNERS, his wife

 Plaintiffs,

vs. CASE NUMBER: 87-187-CA

J.T. HINTON OIL CO., INC.,

 Defendants.

/

## JOINT STIPULATION

Plaintiffs Charles E. Conners ("Recipient") and Sylvia M. Conners, his wife, and Intervenor, Department of Health and Rehabilitative Services (the "Department") by and through their undersigned Counsel, jointly stipulate to the following matters:

1. On or about February 19, 1987, Recipient received injuries which are the basis of the current litigation and for which Recipient received medical assistance under the Florida Medicaid Program.

2. The Florida Medicaid Program is a joint program between state and federal governments pursuant to Section 409.266, Fla. Stat. (Supp. 1988) and Title XIX of the Social Security Act, 42 USC 1396, et seq. The Florida Medicaid Program is administered in Florida by the Department under said statutes and state and federal rules and regulations promulgated under such statutes.

**99**

3. Medicaid provided medical assistance in the amount of $14,383.06 on behalf of the Recipient related to his injuries stated in paragraph 1, for medical care provided between February 19, 1987 and April 30, 1987.

4. The $14,383.06 paid by Medicaid covered medical charges of $43,145.06, as provided on Exhibit "A" hereto.

5. Pursuant to section 409.266(4)(f), Fla. Stat., a verified Statement of Lien was filed on October 6, 1989 in the Official Records of Madison County, Florida in Book 205, pages 259 through 262. The copy of said Statement of Lien attached hereto as Exhibit "B" is a true and correct copy. There is no dispute as to the amount of the lien.

6. Plaintiffs do not dispute the existence of a Department of Health and Rehabilitative Services' interest pursuant to Section 409.266(4), Fla. Stat.

7. A verdict was rendered in the present case on October 11, 1989, a copy of which is attached as Exhibit "C". Pursuant to the verdict:

(a) The amount of damages sustained by Recipient Charles Conners was determined to be $800,000, and by Sylvia Conners to be $200,000.

(b) Charles Conners was determined to be 30% negligent.

8. A thirty percent (30%) reduction was made in recovery by Plaintiffs because of the comparative negligence of Mr. Conner.

9. Upon further evaluation of the case, Plaintiff's agreed with Defendant to compromise their claims an additional twenty percent (20%).

100

10. Plaintiffs received a net settlement of $500,000, present value of agreed damages, $400,000 of which is attributable to Recipient Charles Conners of $100,000 of which is attributable to his wife, Sylvia Conners.

11. On or about November 21, 1989, Plaintiff's and their attorney ("Releasing Parties"), and Federated Mutual Insurance Company and its insured, the Defendant, J.T. Hinton Oil Company ("Released Parties"), entered into a Settlement Agreement and Release of All Claims, pursuant to which the Releasing Parties, inter alia, purport to release the Released Parties, and the Released Parties, inter alia, agreed to make immediate cash payments to the Releasing Parties of $317,849 and certain additional future periodic payments.

12. At no time was the Intervenor Department made a party to, nor did it participate in, settlement discussions or the settlement between the Plaintiffs, Defendant and Federated Mutual Insurance Company.

13. Plaintiffs have entered a contingency fee arrangement with their attorney pursuant to which they are obligated to pay a 40 percent attorney's fee. Their attorney incurred $13,596.63 in costs in pursuing the case against Defendant.

14. Both parties to this Joint Stipulation have read the foregoing and stipulate to said matters.

IN WITNESS WHEREOF, Plaintiffs and Intervenor, by and through their undersigned counsel, have executed this Joint Stipulation this _13_ day of February, 1990.

PLAINTIFFS
CHARLES E. CONNERS
SYLVIA M. CONNERS
individually and as
husband and wife

INTERVENOR
DEPARTMENT OF HEALTH AND
REHABILITATIVE SERVICES

By _____
DONALD M. HINKLE
Attorney for Plaintiffs

By _____
RICHARD L. ROGERS
Assistant General Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Joint Stipulation has been sent by U.S. Mail this _13_ day of February 1990, to Stephen Mitchell, Post Office Box 14129, Tallahassee, Florida 32317.

102

Recipient: Charles Conner
Medicaid Number: 2063899011
TPL File Number: 88-64
Date Prepared: December 14, 1988

| VENDOR NAME AND ADDRESS | VENDOR NUMBER | DATE OF SERVICE | CHARGES | MEDICAID AMOUNT CLAIMED DUE |
|---|---|---|---|---|
| Tallahassee Memorial Hospital<br>Magnolia & Miccouskee Roads<br>Tallahassee, FL 32303 | 0101133 | 02-19-87 | $40,905.30 | $12,497.80 |
| Tallahassee Regional Medical<br> Center<br>Business Office<br>1300 Mitcosukee Road<br>Tallahassee, FL 32301 | 0839175 | 02-19-87 | $557.00 | $227.50 |
| Tallahassee Memorial Hospital<br>DP Extended Care<br> 2nd Floor<br>1609 Medical Drive<br>Tallahassee, FL 32308 | 0204447 | 03-31-87<br>04-30-87 | $720.72<br>887.04 | $720.72<br>887.04 |
| | VENDOR TOTAL | | $1607.76 | $1607.76 |
| Tallahassee Memorial ER<br>Physicians<br>1300 Miccosukee Road<br>Tallahassee, FL 32303 | 0378895 | 02-19-87 | $75.00 | $50.00 |
| | GRAND TOTAL | | $43,145.06 | $14,383.06 |

EXHIBIT "A"

103

DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

Client Number: 2063899011

File Number: 88-64

# V E R I F I E D S T A T E M E N T O F L I E N

Pursuant to the provisions of Section 409.266(4)(f), Florida Statutes, notice is hereby given that the Department of Health and Rehabilitative Services has a lien for the amount of medical assistance, as set forth in items 8(f) and (g) below, upon any and all causes of action, suits, claims, counterclaims and demands which accrue to the Medicaid recipient named below to whom care was furnished (the "Recipient"), or to the Recipient's legal representative, and upon all judgments, settlements, and settlement agreements rendered or entered into by virtue thereof, as a result of or related to any sickness, injury, disease, disability, or death (hereinafter "injury"), giving rise to such causes of action, suits, claims, counterclaims, demands, judgments, settlements, or settlement agreements, and which necessitated that the Department provide, pay for, or become liable for medical care, and upon any title or interest in proceeds, whether legal or equitable (the "collateral"). The term "proceeds" includes whatever is received upon the sale, exchange, collection, or other disposition of collateral or proceeds, and insurance payable by reason of loss or damage to the collateral or proceeds.

1. Name and address of Recipient
 to whom medical care was furnished:

 Charles E. Conners
 Route 1, Box 520
 Madison, Florida 32340

2. Recipient's county of Residence: Madison

3. Date of Recipient's injury: February 19, 1987

4. Dates of Service: February 19, 1987
 April 30, 1987

5. Date of payment of last item
 of medical care relating to
 specific accident or spell of
 illness: August 30, 1987

6. Name and address of Vendors
 furnishing medical care: See Schedule I attached

7. To the best knowledge of the
 Department the names and
 addresses of the person(s), book 205 face 259
 corporation(s) or firm(s)
 claimed to be liable for damages
 arising from the injuries are:

 Dave Braswell, d/b/a
 Dave's Truck Stop
 J.T. Hinton Oil Co.
 Union Oil Co. of California

EXHIBIT "B"

104

8. AMOUNT OF LIEN.

 (a) Amount paid by the Department
 for medical care: $14,383.06

 (b) Value of other medical care
 provided by the Department not
 stated in 8(a): $

 (c) Value of other medical care for
 which the Department has become
 liable not stated in 8(a) and (b): $

 (d) Total amount of medical care:
 $14,383.06

 (e) Less any third party liability:
 amount received by the Department: $

 (f) Total amount claimed to be due: $14,383.06

 (g) Total amount of Lien: $14,383.06

The amount indicated in item 8(f) stated above has accrued
as a result of medical care which the Department has
provided, paid for, or become liable for, pursuant to
Chapter 409, Florida Statutes. Pursuant to Section
409.266(4), Florida Statutes, a lien in favor of the
Department of Health and Rehabilitative Services has been
created in the amount indicated in item 8(g) above, as well
as (i) an assignment of any rights to payment for medical
care from a third party up to the amount stated in item 8(f)
above (together with any additional amounts of medical
assistance provided by the Department), and (ii) automatic
subrogation to any rights the recipient has to third party
payments for medical services. Notice is hereby given that
the amount of statutory lien may increase to an amount
greater than that set forth in item 8(g) above should
additional amounts of medical assistance be provided by the
Department. A Notice of Administrative Construction of
Statute is attached hereto as Schedule II and is made a part
hereof.

 _Ernst O. Alex_
 (Authorized Official)

 STATE OF FLORIDA, DEPARTMENT
 OF HEALTH AND REHABILITATIVE
 SERVICES
 Medicaid Third Party Liability
 1317 Winewood Blvd.
 Building 3, Room 405
 Tallahassee, FL 32399-0700

 VERIFICATION

State of Florida )
County of Leon )

 Before me, the undersigned notary, personally appeared
_Ernest O. Alexander_, who being duly sworn,
says that the foregoing Statement of Lien is true and
correct to the best of h_is_ knowledge and that____ he has
read the statement and knows the content thereof.

Sworn to and subscribed before me this _28th_ day of _September_,
1989.

 _Sara M. Maxwell_
 Notary Public

My commission expires: _11-3-90_

SCHEDULE I
TO
VERIFIED STATEMENT OF LIEN

Name and Address of
Vendors Furnishing Medical Care

Tallahassee Memorial Hospital
Magnolia & Miccouskee Roads
Tallahassee, Florida 32303

Tallahassee Regional Medical Center
Business Office
1300 Miccosukee- Road
Tallahassee, Florida 32301

Tallahassee Memorial Hospital
DP Extended Care
2nd Floor
1609 Medical Drive
Tallahassee, Florida 32308

Tallahassee Memorial ER
Physicians
1300 Miccosukee Road
Tallahassee, Florida 32303

BOOK 205 PAGE 261

106

## SCHEDULE II
## TO
## VERIFIED STATEMENT OF LIEN

BOOK 2.5 262

## NOTICE OF ADMINISTRATIVE CONSTRUCTION OF STATUTE

The Department of Health and Rehabilitative Services (the "Department") is the administrative agency responsible for administering Section 409.266, Fla. Stat. (the "Act"), and, pursuant to its authority, it has construed the Act with regard to the lien and subrogation rights created thereby. The administrative construction of a statute by an agency charged with its administration is entitled to great weight and will not be overturned unless and until clearly erroneous. *State ex rel. Biscayne Kennel Club v. Board of Business Regulation,* 276 So.2d 823 (Fla. 1983).

The Department, in construing the Act, has determined that the lien provided for in the Act (hereinafter "Medicaid Lien") is similar to, although having priority over, statutory hospital liens, and that certain judicial decisions and reasoning as to hospital liens are applicable, in whole or in part, to Medicaid Liens. Specifically, the Department has determined that the lien provided for in the Act attaches when a recipient first receives treatment qualifying for coverage under the Act, and attaches to all causes of action, including settlements, judgements and awards thereon, for all amounts of medical assistance paid by Medicaid related to a specific accident or illness; that the statement of lien need not be filed prior to any settlement, judgement or award to attach thereto, and that any settlement, judgement or award without a release of lien or settlement from the Department creates a cause of action in favor of the Department [see, *State Farm Mutual Auto Ins. Co. v. Palm Springs Gen. Hosp.,* 232 So.2d 737 (Fla. 1970)]; that a Medicaid Lien is not restricted to some portion of the recovery which the parties or courts choose to designate as being in compensation for medical expenses incurred, but that a Medicaid Lien applies to whatever is recovered against a third party [see, *Dade County v. Perez,* 237 So.2d 781 (Fla. 3d DCA 1970)]; that a Medicaid Lien is meant to be effective for its full amount, and must be applied in full against proceeds of a judgement or a settlement, and may not be reduced on equitable principles or applied against only a portion of the proceeds of a judgement or a settlement [see, *Dade County v. Bodie,* 237 So.2d 553 (Fla. 3d DCA 1970)]; that a Medicaid Lien may not be impaired or diminished by the amount of attorneys' fees which may be due to a Medicaid recipient's attorney [see, *Hosp. Bd. of Directors v. McCray,* 456 So.2d 936 (Fla. 2nd DCA 1984); *Crowder v. Dade County,* 415 So.2d 732 (Fla. 3d DCA 1982)]; and a Medicaid Lien is superior to the liens and charges of all other . health care providers, including hospitals, inasmuch as Medicaid is intended to be the payer of last resort, all third party resources are to be exhausted before Medicaid's obligation arises, and the Department is authorized by the Act to collect directly from any provider if third party payment for medical services has been recovered by the provider. *See generally,* Section 409.266(4)(a),(b) and (f), Fla. Stat.; 42 U.S.C. Section 1396a(c)(25)(A); 42 C.F.R. Section 433.137(a).

The Department has determined that a Medicaid Lien extends to proceeds on the collateral set forth in the Act because of the legislative intent and policy that the Department recover to the fullest extent possible the amount it has paid for medical assistance if a third party is liable. The term "proceeds" includes whatever is received upon the sale, exchange, collection, or other disposition of collateral or proceeds, and insurance payable by reason of loss or damage to the collateral or proceeds.

The Department has determined that the filing of a verified statement of lien (a "Statement") is not required – for the creation, attachment, or perfection of a Medicaid Lien, and that a Medicaid Lien is automatically perfected at the time of its attachment; that the filing of a Statement within one year of the date of last payment is permitted by the Act and constitutes notice of a Medicaid Lien, relating back to the time of attachment of the lien, to all third persons, including, without limitation, creditors, providers of medical care, and all persons firms or corporations who may be liable on account of any sickness, disease, disability, injury or death, whether or not named in the Statement, and whether or not a copy of the Statement has been received by them; that the filing of a Statement is not necessary to protect the Department's rights against a recipient; that a tardy filing of a Statement does not invalidate a Medicaid lien, but results only in the elimination of a third person being charged with constructive notice by reason of filing until such time as the Statement is actually filed; that a third person with notice or knowledge that an individual is a Medicaid recipient or has had Medicaid payments made on his behalf is charged with the duty of inquiry into the existence of a lien or subrogation rights under the Act; that the logical interpretation of the legislative intent of the Act is to assure the Department of its rights to receive the amount of any benefit to the full extent of third party liability up to the amount paid by Medicaid. *Cf., Public Health Trust of Dade County v. Carroll,* 509 So.2d 1232 (Fla. 4th DCA 1987).

In addition to the Department's right to a lien, the Act grants the Department a separate, distinguishable subrogation right, automatically subrogating the Department to any rights a Medicaid recipient has to third party payments, and requiring the Department to recover, if third party resources are available, the full amount paid on behalf of the recipient for medical care, to the fullest extent of the third party resources. Section 409.266(4)(b), Fla. Stat.; Fla. Admin. Code Rule 10C-7. 0301(2)(b) & (3)(a). The Department has determined that common law subrogation principles are inapplicable when the Department seeks reimbursement pursuant to the Act; that the Department may recover the entire amount it pays on behalf of a recipient; that the Department must be paid before the recipient receives compensation, and that neither equitable nor legal principles may reduce recovery by the Department regardless of whether or not a recipient is made whole by a judgement or settlement. *See, Coplien v. Dept. of Health and Social Services,* 119 Wis. 2d 52, 349 N.W.2d 92 (Wis. App. 1984).

The Act creates an affirmative duty on the part of a recipient to inform the Department of any right to third party payments, and the failure of the recipient or his legal representative to timely inform the Department and pay the Department from third party resources may constitute fraud or theft. *See generally,* Sections 409.266(4)(b); 409.325(1)(b), 4(b) & (c); & 812.014, Fla. Stat. Certain transfers of the collateral contemplated in the Act, or any proceeds therefrom, are fraudulent conveyances and may be void or voidable. *See generally,* Chapter 726, Fla. Stat. The transfer of the collateral or proceeds to a trust for the benefit of a recipient or the recipient's family, to the extent that it purports to place the collateral or proceeds beyond the reach of the Department, or that operates to prejudice the legal or equitable rights of the Department, creates a *prima facie* presumption of fraud.

Filed for record on the 6th day of Oct.
1987 at 10:550'clock A. M. Recorded
in Official Record Book 205 page 259
and verified in public records of Madison
County, Florida Witness my hand and seal.
Alfred F. Weich, Clerk

By Ramona Dickinson, D.C.
#125645

**107**

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
MADISON COUNTY, FLORIDA

CHARLES E. CONNERS and
SYLVIA M. CONNERS, his wife,

 Plaintiffs,

vs. CASE NO.: 87-187-CA

J.T. HINTON OIL CO., INC.,

 Defendants.
_____/

## VERDICT

WE THE JURY, return the following verdict:

1. Was there negligence on the part of the Defendant, J. T. Hinton Oil Company, Inc., which was a legal cause of the injury sustained by Charles Conners:

 YES ___✓___ NO _____

If your answer to Question 1 is NO, your verdict is for Defendant, and you should proceed no further except to sign and date your verdict and return it to the Courtroom.

If your answer to Question 1 is YES, please answer Question 2.

2. Was there negligence on the part of Charles Conners which was the legal cause of his injury?

 YES ___✓___ NO _____

If your answer to Question 2 is YES, please answer Question 3.

If your answer to Question 2 is NO, please disregard question 3 and answer Question 4.

EXHIBIT "C"

108

3. State the percentage of negligence, if any, which was a legal cause of Charles Conners' loss or injury, that you charge to:

Charles Conners _30_ %

J. T. Hinton Oil Company _70_ %

Total must be 100%

4. What is the total amount of any damages sustained by Charles Conners and Sylvia Conners caused by the incident in question?

Charles Conners $ _800,000_

Sylvia Conners $ _200,000_

In determining the total amount of damages, do not make any reduction because of the negligence, if any of Charles Conners. If you have found him negligent in any degree, the court in entering judgment, will reduce his total amount of damages by the percentage of negligence which you found chargeable to him.

SO SAY WE ALL this _11th_ day of _October_, 1989

_HENRY E. RUPPENSBURY_
FOREPERSON