**Mannie CHAPMAN, Jimmie Erskine, Dorothy Reid, James L. Woodall, R.P. Vinall, and Diane L. Ragone, as Trustees of the Laborers Health and Welfare Trust Fund of South Florida, Plaintiffs,**

v.

**Herman M. KLEMICK and Herman M. Klemick, P.A., a Florida Professional Association, Defendants.**

**No. 90–1002–CIV.**

United States District Court, S.D. Florida.

Oct. 30, 1990.

Carmen S. Johnson, Miami, Fla., for Balmaceda (plaintiffs).

Karen A. Brimmer, Miami, Fla., for General Plastics (defendants).

## MEMORANDUM OPINION

SCOTT, District Judge.

This Cause is before the Court upon the parties' cross-motions for summary judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure, and stipulation of facts. The plaintiffs, as Trustees of the Laborers Health and Welfare Trust Fund of South Florida, ("Trust Fund"), have instituted this action pursuant to Sec-

tion 502(a)(3)(B) of the *Employee Retirement Income Security Act of 1974*, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3)(B). The Trust Fund has brought this action upon the following grounds: 1) breach of ERISA–imposed fiduciary duties; 2) imposition of a constructive trust; 3) aiding in the breach of duty by a participant to the Trust Fund; and 4) tortious interference with contract. The defendants, Herman M. Klemick and Herman M. Klemick, P.A. ("Klemick"), allege that Attorney Herman M. Klemick is not a fiduciary for the purposes of the Trust Fund and that the Plaintiffs are not entitled to the imposition of a constructive trust. Having carefully reviewed the record and applicable legal authority, this Court now makes the following rulings.

## I. LEGAL STANDARD

Pending are cross-motions for summary judgment which were submitted after the Court deferred ruling on a motion to dismiss. The parties have submitted a joint stipulation of facts. The Court will consider the motions under the appropriate standard.

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406 (5th Cir. 1980). This burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *De Cuellar v. Brady*, 881 F.2d 1561 (11th Cir.1989); *United of Omaha Life Ins. Co. v. Sun Life Ins.*

*Co.*, 894 F.2d 1555 (11th Cir.1990). Here there is no issue of material fact. The parties have filed a joint stipulated statement of facts. We believe these facts are dispositive of the issues.

## II. FACTUAL BACKGROUND

The joint Stipulation of Facts filed with this Court indicate the following:

On or about August 20, 1987, a participant in the Trust Fund, Frank Wilson, Jr., ("Wilson"), suffered personal injuries when he was involved in a motor vehicle accident. As a result of the accident, Wilson incurred medical expenses in excess of $28,000.00. Subsequently, the Trust Fund reimbursed Wilson for his expenses. However, prior to releasing the funds, the Trust Fund requested that Wilson sign a subrogation agreement. Wilson called his attorney, Herman M. Klemick, and read the subrogation agreement to him [1]. After this consultation, Wilson signed the subrogation agreement. In pertinent part, the subrogation agreement called for the reimbursement of "all amounts recovered by suit, settlement, or otherwise from any party or insurance carrier ..." to the Trust Fund.

On January 20, 1988, Wilson and Klemick received a check for $25,000.00 from State Farm Insurance Company which represented a settlement for the limits of the carrier's liability. Five days later, Klemick requested that the Trust Fund waive its right to subrogation of the settlement amount. The request was denied in a telephone conversation on March 17, 1988. Klemick indicated in that telephone conversation that he would never recommend that his client voluntarily turn over the settlement funds that he had recovered,[2] despite his knowledge of an agreement to the contrary. In addition, Klemick indicated that he had contrived a scenario by which, even if the Trust Fund sued his client and obtained a judgment against him for the amount of money recovered in the settlement, the Trust Fund would be frustrated in its attempts to reclaim those sums.

---

1. Attorney Herman M. Klemick is the defendant in the present litigation.

2. Stipulation of Facts at para. 18.

Klemick stated that if his client were to spend all the settlement monies prior to the enforcement of the judgment, the Trust Fund would not be able to recover any money because his client had no assets against which the Trust Fund could enforce the judgment.[3] Klemick also implied that if the Trust Fund were to obtain a garnishment and/or lien against his client, these attempts could also be frustrated by having his client declare bankruptcy.[4]

On March 21, 1988, five days after his conversation with the Trust Fund, Klemick had his client endorse the settlement check and tendered to him a check for $15,431.50. Klemick deposited the settlement check in the Herman M. Klemick, P.A. Trust Account. Klemick then proceeded to pay himself $8,333.00 as his attorney fee. Ten days later the Trustees filed a complaint and requested a temporary restraining order to enjoin Mr. Wilson from spending the settlement funds. However, in an emergency hearing before U.S. District Court Judge Lenore C. Nesbitt, Wilson informed the court that he had spent all of the settlement funds. On July 28, 1988, the Trust Fund obtained a judgment against Mr. Wilson for both the full amount of the settlement and an award of $21,659.00 in attorney's fees.

## III. LEGAL ANALYSIS

This case involves the application of 29 U.S.C. § 1002(21)(A) to an attorney who represents a beneficiary of an ERISA fund and who disposes of funds which properly became Trust Fund assets pursuant to a subrogation agreement signed by the beneficiary. There is no case authority directly addressing this issue.

In order to prevail on its motion for summary judgment, the Trust Fund must establish that Klemick is a fiduciary for the purposes of ERISA. If Klemick is a fiduciary, the stipulated facts makes it clear that Klemick breached an ERISA–imposed duty to not dispose of the funds properly belong-

ing to the Trust Fund in such a manner as which would injure the Fund and/or its beneficiaries. The issue presented is whether Klemick is a fiduciary.

ERISA explicitly defines a fiduciary in 29 U.S.C. § 1002(21)(A). "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises *any* discretionary authority or discretionary control respecting management or disposition of its assets ..." (emphasis added). The courts are in agreement that the term "fiduciary" is to be broadly construed. *See e.g., Brock v. Hendershott*, 840 F.2d 339 (6th Cir.1988); *Donovan v. Mercer*, 747 F.2d 304 (5th Cir.1984). In determining whether Klemick is an ERISA fiduciary, the Court must examine whether Klemick had any discretionary control or authority over any Trust Fund assets. The plaintiff postulates that the settlement monies obtained from the third-party tortfeasor who was responsible for the injuries sustained by Klemick's client became Trust Fund assets pursuant to the subrogation agreement signed by the client with full knowledge and approval of Klemick.[5] We agree.

Klemick was fully cognizant of the subrogation agreement signed by his client. In fact, his client signed the agreement only after consulting with Klemick. That agreement explicitly states that any funds Wilson obtained as a result of the events which led to the disbursement of benefits by the Trust Fund were obligated to be paid to the Trust Fund. The settlement monies paid to Klemick and Wilson became Trust Fund monies because they were "amounts recovered ... as a result ... of the events causing ... the injuries".[6] As a result, when Klemick decided how to allocate the monies from the settlement check by:

1) paying Wilson approximately $15,400 from the Herman M. Klemick, P.A. Trust Account;

2) depositing Wilson's entire settlement check in his own Trust Fund Account;

---

3. Stipulation of Facts at para. 20(d).

4. Stipulation of Facts at para. 20(e).

5. Stipulation of Facts at para. 11–12.

6. Subrogation agreement at Para. 2.

3) paying himself and others from the funds obtained from Wilson's settlement check;

he exerted what is obviously "any ... discretionary control respecting ... disposition of [Trust Fund] assets". 29 U.S.C. § 1002(21)(A).

## IV. DEFENDANT'S ARGUMENT

Klemick relies on *Schwab v. Davie*, 492 So.2d 708 (Fla. 4th DCA 1986) to suggest that he is entitled to recover his attorney fees and costs expended on behalf of his client. He fails to recognize, however, that under ERISA, which preempts state subrogation law, the Court must look to the explicit wording of the subrogation agreement to determine if attorney fees and costs are to be deducted from the amount owed to the ERISA fund pursuant to said agreement. "[W]here ERISA is silent on a particular subject, as it is on the issue of subrogation, resort may be had to federal common law. *See Murphy v. Heppenstall Co.*, 635 F.2d 233, 237 (3d Cir.1980), *cert. denied*, 454 U.S. 1142, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982); *M & R Invest. Co., Inc. v. Fitzsimmons*, 484 F.Supp. 1041, 1056 (D.Nev.1980), *aff'd*, 685 F.2d 283 (9th Cir. 1982) ... ERISA plans must be limited to their written provision and statutory constraints." *Zaragoza v. Metropolitan Life Insurance Co.*, Case Number 88–468–Civ (S.D.Fla.1989) *(unpublished opinion)*. "Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer ... for purpose of any law of any State ..." 29 U.S.C. § 1144(b)(2)(B). As such, state case law which has held that an attorney has no duty to an insurer to turn over proceeds of settlements or lawsuits to the insurer pursuant to a subrogation clause in the insurance policy are inapplicable in the instant case. *See, Great American Insurance Company v. Spoden*, 316 N.W.2d 740 (Minn.1982) and *Blue Cross of Massachu-*

*setts, Inc. v. Travaline*, 398 Mass. 582, 499 N.E.2d 1195 (1986).

In reaching this result, this Court does not maintain that Klemick should not receive compensation for his successful efforts expended in pursuing a settlement for the benefit of his client and the Trust Fund. The Court does not suggest that Wilson should not be compensated or that Klemick should not receive a fee. However, our legal system has devised procedures that provide parties the means through which they can prevent inequitable results. Klemick, as an officer of the court, had a duty to seek ethical alternative remedies. If, after negotiating with the Trust Fund, Klemick considered that the Trust Fund's refusal to waive the subrogation agreement would have had an inequitable result, he should have filed for a declaratory action asking for equitable distribution of the settlement funds. *See e.g., Travelers Ins. Co. v. Rodriguez*, 387 So.2d 341 (Fla.1980); *Lititz Mut. Ins. Co. v. Bowdoin*, 365 So.2d 173 (1st DCA 1978); and *Government Emp. Ins. Co. v. Graff*, 327 So.2d 88 (1st DCA 1976). Instead, Klemick chose the most expedient course of conduct. We do not condone this behavior.

Additionally, Klemick argues that to be a fiduciary pursuant to 29 U.S.C. § 1002(21)(A) would create a conflict of interest between his duty to the Trust Fund and his duty as an attorney to his client. Although we are sensitive to Klemick's contention concerning a conflict of interest, we note that this is not the only situation where Federal law imposes obligations on an attorney which could create an ostensible conflict of interest.[7] Such a conflict is over-ridden by the compelling policy of ERISA to protect the interests of the many as opposed to the greed of the one.

In enacting ERISA, Congress set out to protect participants in employee benefit plans "by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by

---

7. For example, the requirement that an attorney file an 8300 form upon receipt of $10,000 in cash from a client may present a potential conflict of interest. The attorney, however, is re-quired to file this form by Federal mandate, despite conceivable attorney/client conflicts of interest.

providing for appropriate remedies, sanctions ..." 29 U.S.C. § 1001(b). "The primary purpose of [ERISA] is the protection of individual pension rights ..." *reprinted in 3 Legislative History of the Employee Retirement Security Act of 1974* U.S.Code Cong. & Admin.News 1974 at 4639. It is in that light that the Court must interpret the definition of a fiduciary in 29 U.S.C. § 1002(21)(A). Accordingly, the Court finds Klemick to be a fiduciary under the explicit definition contained in ERISA.

The legislative history of ERISA states that "a fiduciary is one who occupies a position of confidence or trust." *reprinted in 3 Legislative History of the Employee retirement Security Act of 1974*, U.S.Code Cong. & Admin.News 1974 at 4649. Klemick occupied such a position. The Trust Fund relied on Klemick to uphold the agreement his client had signed with his approval. "Fiduciaries [are] required to discharge their duties with respect to the fund 'solely in the interest of the participants and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims'." *Reprinted in 3 Legislative History of the Employee retirement Security Act of 1974*, U.S.Code Cong. & Admin.News 1974 at 4659. Applying the "prudent man" standard to the facts stipulated to by both parties, there is no question that Klemick breached his fiduciary duty to the Trust Fund.

## V. CONCLUSION

Based on the foregoing analysis, this Court holds Klemick to be a fiduciary under the terms of ERISA. As such, Klemick has breached his duty to the Trust Fund and is jointly and severably liable for an amount compatible with the principles of equitable distribution. This amount should be determined under the principles of equitable distribution. Having found the Defendant to be a fiduciary of an ERISA, we need not decide the remaining issues of the complaint.

Accordingly, it is ORDERED and AD-JUDGED as follows:

(1) The petitioner, Trust Fund's, motion for summary judgment is GRANTED.

(2) The claimants, Herman M. Klemick and Herman M. Klemick, P.A.'s, motion for summary judgment is DENIED.

DONE AND ORDERED.