50 F.3d 536
 Pens. Plan Guide P 23907R
Charles WITT, Walter Bowe, Jr., Kenneth O. Truemper, Ken
Daues, Gary Stephens, Gary Lorenz, as Trustees of
the St. Louis Graphic Arts Joint Health
& Welfare Fund, Appellees,
v.
ALLSTATE INSURANCE COMPANY, a corporation, and Allstate Life
Insurance Company, a corporation, Appellants.
 No. 94-3202.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 16, 1995.
Decided March 15, 1995.
 
 Robyn R. Lundt, St. Louis, MO, argued (Daniel T. Rabbitt, on the brief), for appellants.
 James I. Singer, St. Louis, MO, argued (James K. Cook, Neal M. Davis and Thomas J. Grady, on the brief), for appellees.
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 Howard Rapp was a participant in plaintiff Fund's benefit plan (the "Plan") and his son Kyle was covered by the Plan. The Plan contained a subrogation clause providing that plaintiff had a right to subrogation on amounts paid by the Fund as medical benefits. When Kyle Rapp was injured in an auto accident in 1987, the Fund covered his medical expenses but required the Rapps to sign a reimbursement agreement which provided that the Rapps would repay the Fund out of any recovery from third parties. The Fund served a notice of lien on Allstate, insurer of the tortfeasor who caused Kyle Rapp's injuries. The Rapps settled with Allstate, but neither the Rapps nor Allstate paid anything to the Fund. The Fund sued both the Rapps and Allstate for recovery of the money paid to the Rapps.
 
 
 2
 The Fund's complaint alleged two counts against Allstate: the first for breach of contract and inducing breach of contract (the subrogation clause and the reimbursement agreement), and the second for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1461. The district court found that (1) Allstate was aware of the reimbursement agreement between Mr. Rapp and the Fund; (2) after consultation with counsel and after advising Jacquelyn Rapp that the Fund's subrogation rights were invalid, Allstate elected to settle and immediately disbursed the funds into an annuity on behalf of Kyle Rapp; (3) Allstate intentionally allocated the settlement to "pain and suffering" in order to avoid the subrogation clause's reference to medical benefits. This conduct, in the district court's view, transformed Allstate into a fiduciary of the Fund whose behavior violated the ERISA fiduciary standards set forth in 29 U.S.C. Sec. 1104(a)(1) and 1106(b)(1)-(2). The district court granted the Fund's motion for summary judgment against both Allstate and the Rapps jointly and severally. The Rapps did not appeal. We reverse and remand.
 
 I.
 
 3
 The prime issue presented in this case is whether Allstate was a fiduciary of the Fund. Allstate maintains that it was never a fiduciary of the Fund subject to the duties stated in 29 U.S.C. Secs. 1104 and 1106. A person is a fiduciary of an ERISA plan to the extent that that person "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets...." 29 U.S.C. Sec. 1002(21)(A) (Supp.1994).
 
 
 4
 In finding fiduciary liability, the district court relied on Chapman v. Klemick, 750 F.Supp. 520 (S.D.Fla.1990), which held that the attorney of a plan member qualified as a fiduciary of the plan where he advised his client to disregard a subrogation agreement with the plan. Chapman, however, has been reversed. See Chapman v. Klemick, 3 F.3d 1508 (11th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). The Eleventh Circuit found that one needs to have some relationship to the plan itself, not merely control of some small amount of purported assets of the plan, before one is a fiduciary. See 3 F.3d at 1510-11. The attorney in Chapman had a fiduciary duty to his client, not to the plan. Id. at 1511.
 
 
 5
 In a case similar to ours, the Seventh Circuit concluded that a third-party insurance company is not a fiduciary of an ERISA plan. "Although 29 U.S.C. Sec. 1109(a) provides remedies for breach of fiduciary duty, State Farm did not breach a fiduciary duty as it was not the Fund's agent." Trustees of Central States, Southeast and Southwest Areas Health and Welfare Fund v. State Farm Mut. Ins. Co., 17 F.3d 1081, 1084 (7th Cir.1994). We agree. Allstate had no pre-existing fiduciary relationship with the Fund, and we refuse to conclude that merely possessing or controlling assets to which the Fund asserted a claim created a fiduciary relationship. We therefore reverse as to the Fund's second cause of action.
 
 II.
 
 6
 It is difficult to discern from the opinion below whether the district court also granted summary judgment for the Fund on its first cause of action for inducing breach of contract and breach of contract. At any rate, we believe that the Fund's first cause of action against Allstate fails to state a claim. The Fund purported to sue under ERISA Sec. 502(a)(3), 29 U.S.C. Sec. 1132(a)(3), which states that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." This section of ERISA provides only for equitable relief against ERISA non-fiduciaries, not money damages. Mertens v. Hewitt Assoc., --- U.S. ----, ----, 113 S.Ct. 2063, 2068, 124 L.Ed.2d 161 (1993); Houghton v. Sipco, Inc., 38 F.3d 953, 957 (8th Cir.1994); Slice v. Sons of Norway, 34 F.3d 630, 632-33 (8th Cir.1994); Novak v. Andersen Corp., 962 F.2d 757, 759-60 (8th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1993). The Fund is seeking a legal remedy, not an equitable one, against a non-fiduciary, and therefore has no claim under ERISA. See Slice, 34 F.3d 632-33; Novak, 962 F.2d at 759-60. We also note that Allstate had no contractual relationship with the Fund that it could breach. See State Farm, 17 F.3d at 1084 ("Because State Farm was not a party to the agreement between the Fund and its covered individuals, State Farm cannot be bound by that agreement.").
 
 III.
 
 7
 For the foregoing reasons, the judgment of the district court is reversed and remanded. The district court's award of attorney's fees to the Fund is vacated.